Samuel A. Spiegel, J.
Petitioner seeks $450 from the Department of Social Services to replace $150 in clothing, and $300 in cash allowed for the purchase of furniture, stolen during the course of a burglary of her apartment.
Said sum of $450 had been granted to her by said department as her allowance to cover a given period of time. The burglary took place on July 8, 1968, and also involved the theft of other personal property, all of which was reported to the police immediately.
After denial of her claim, petitioner requested a fair hearing. The Referee at said fair hearing likewise denied her claim.
*772 A new cyclical grants formula under the simplified payments system was adopted after the burglary. Said system should not be applied retroactively to deprive petitioner of any benefits which had already accrued to her as of the day of said burglary. Under the cyclical grants, petitioner received $75 ($25 for each member of the family), which commenced September 1, 1968.
Petitioner contends she is entitled to replacement of the $450 for clothing and furniture under the interpretation of former 18 NYCRR 352.5 (n) (1), which permits a duplication of a grant ‘ ‘ in whole or in part when the original check or the proceeds of the original grant were allegedly lost, stolen or diverted to other purposes and when the health and safety of the recipient would be threatened by failure to replace.” Under this provision, in the court’s opinion, the petitioner would be entitled to a duplication of the grant. While there is no vested or fixed right to public assistance, the health and safety of the recipient would be seriously threatened by the failure to replace said grant.
Moreover, the respondent cannot use as a defense the payment in September as a payment for a ‘ ‘ current need ’ ’ to preclude petitioner from the replacement of the July grants. Further, former 18 NYCRR 352.4 (c)(1) (i) provides that there shall be additional grants for clothing which has been lost in a fire or other disaster. Clothing allowances, in any event, may be replaced ill event of ‘ ‘ fire or other disaster ’ ’. The dictionary defines a disaster to be, among other definitions, a ‘1 sudden and extraordinary misfortune * * * an unfortunate event ’ ’.
The loss of $450 in g’oods and cash is a sudden, and extraordinary, disaster to a family existing solely on the subsidy allowed by the Department of Social Services, in this era of inflation and extremely high cost of living.
“ Disaster ”, in its common accepted sense, has been classified as a rebellion, earthquake, flood, explosion, hurricane, or even the eruption of a volcano. If this was the intent, then it should have been clearly and definitely spelled out. Since it was not, then applying a liberal interpretation of the Social Services Law, it is impossible to limit disaster only to the foregoing circumstances and thus preclude replacement of a bona fide substantial loss to an indigent family whose sole source of subsistence and staff of life is the Department of Social Services.
Petitioner exhausted her administrative remedies. She had an allowance made to her prior to September 1, 1968. As a result of a catastrophic burglary, she suffered a disaster and should be entitled to replacement of the clothing and furniture allowances, in the sum that existed on July -8,1968,