Louis B. Heller,, J.
In this article 78 proceeding against the Commissioner of Social Services, petitioner seeks an order reversing the fair hearing decision and directing the respondent to issue an emergency grant to replace furniture and clothing stolen from her apartment when it was burglarized while she was in the hospital and her minor children were absent from the apartment.
Petitioner and her four children, ages 10, 8, 5 and 3, have been recipients of public assistance under aid-to-dependent-children from the New York State Department of Social Services. Her request for an emergency fair hearing by the New York State Department of Social Services, made after the local welfare center had denied her relief, resulted in an affirmation of that ruling, on the ground that losses due to theft are not losses due to catastrophe as that term is contemplated in subdivision 6 of section 131-a of the Social Services Law.
Petitioner contends that this decision is arbitrary and is based upon error of law.
Subdivision 6 of section 131-a of the Social Services Law makes provision for the replacement of necessary furniture and clothing for persons in need of public assistance who have suffered the loss of such items as the result of fire, flood or other like catastrophe, provided provision therefor cannot otherwise be made.
Section 350-j provides for emergency assistance to needy families with children “when such assistance is necessary to avoid destitution ”.
It is apparent that the Legislature intended that those receiving public assistance should not become destitute.
The State Department of Social Services implementing the Legislature’s intent promulgated the following regulations: 18 NYCBB 352.4 “Needs (a) Of persons who constitute or are members of a family household. * * * (9) Grants for clothing and furniture in cases of catastrophe. Bach social service district shall make grants for partial or total replacement of clothing or furniture which has been lost in a fire, flood or other like catastrophe”. (Filed June 20, 1969.) The section then went on by listing a schedule for maximum replacement cost of clothing and maximum replacement cost of essential household furniture, furnishings, equipment and supplies. (18 NYCBB Part 352.)
*1055 Section 372.3(a) further provides that emergency assistance shall be available in “ emergency situations which suddenly render a family destitute or homeless including those caused by natural disasters, serious injury to persons or damage to property resulting from other causes ”. (18 NYCRR Part 372.)
A catastrophe has been defined as “ a notable disaster; a more serious calamity than might ordinarily be understood from the term ‘ casualty ’ (Black’s Law Dictionary [4th ed.], p. 276, quoting Reynolds v. Board of Comrs. of Orleans Levee Dist., 139 La. 518.)
Webster’s New World Dictionary (College ed.) defines “catastrophe” as: “3. any great and sudden calamity, disaster, or misfortune.”
Words and Phrases (Permanent ed., p. 512) defines it as: “ A ‘ catastrophe ’ is a final event, usually of a calamitous or disastrous nature; a sudden calamity; a great misfortune. It is synonymous with ‘ disaster ’, it means a notable disaster, a more serious calamity than might ordinarily be understood from the term ‘casualty’.” (Woodard Lbr. Co. v. Unemployment Compensation Comm., 173 Ore. 333.)
. The loss by a burglary of clothing, furniture, furnishings, equipment and supplies to one with the means to replace them could hardly be a catastrophe while the same loss to a recipient of public assistance, without the means to replace the stolen articles, would be catastrophic.
Public assistance to the needy has become an established fact of life by our society, as indicated by the statutes, rules and regulations promulgated for that purpose. In reviewing those applicable to the case at bar, the court finds that a burglary resulting in loss of clothing and furniture is an extreme catastrophe to a person dependent upon public assistance (Matter of Torres v. Wyman, 60 Misc 2d 771; Matter of Howard v. Wyman, N. Y. L. J., Feb. 10, 1970, p. 2, col. 4, Markowitz, J.).
Respondent contends that petitioner received cyclical grants and/or flat grants which took into consideration the fact that clothing, furnishing and furniture would wear out and require replacement. There is nothing in the record before the court to indicate the amounts received under such cyclical or flat grants. Clearly, if such payments were made to petitioner, she already received some part of the replacement cost of the articles alleged to have been stolen.
Accordingly, the petition is granted to the extent of annulling the determination of the State Commissioner and remanding the case for a hearing to determine the sums the petitioner already *1056 received to cover the replacement of those articles alleged to have been stolen, so that said amount may be deducted and petitioner given a grant for the balance, if any.
Settle order on notice.