Joseph P. Gagliabdi, J.
Application by petitioner in an article 78 proceeding to review a determination of the Department of Social Services which, after a fair hearing, denied her request for an additional grant of home relief. No question of fact has been raised and the sole issue to be determined is whether respondent is required to replace furniture in petitioner’s apartment.
Petitioner and her 4 children live in a four-room apartment in Mount Vernon and have been recipients of public assistance since sometime in 1968. Petitioner’s emancipated daughter, Ida Jones, and her 7 children (petitioner’s grandchildren) are also recipients of public assistance. On or about April 3, 1970, Miss Jones’ apartment was destroyed by fire, and, with the knowledge and tacit consent of respondents, she and her 7 children moved into petitioner’s four-room abode. Consequently, a total of 13 human beings survived the rigors and pressures of family society in petitioner’s apartment until June 20, 1970, when Miss Jones and her issue removed themselves from the premises. However, the sojourn was not without toll and it is conceded that during the visit petitioner’s grandchildren did great damage to her furniture.
At this juncture it is appropriate to note that during the time Miss Jones resided with petitioner an adjustment in the allowance designated for the use of Miss Jones occurred, by virtue of the fact that she was no longer liable for payment of rent (Social Services Law, § 143-b). Thereafter, petitioner’s request for additional home relief was denied by her caseworker’s supervisor, which denial was affirmed by respondents.
*858 Subdivision 6 of section j.31-a of the Social Services Law provides that respondents may grant additional relief for the replacement of furniture which has been destroyed ‘ ‘ as the result of fire, flood or other like catastrophe, provided provision therefor cannot otherwise be made Respondents’ own regulations mandate replacement according to published schedule allowances whenever one of the above events occurs (18 NYORR 352.7 [d]).
The various contentions raised herein revolve around the interpretation to be accorded the phrase “ other like catastrophe.” Petitioner contends that the sudden, unexpected and prolonged visit of her daughter’s family was a catastrophe in light of the damage caused which she lacks means to repair. Respondents assert that the phrase means some event caused by natural forces.
Judicial pronouncements in point lack symmetry, to say the least. To illustrate, it has been held that a repossession of furniture is not a catastrophe (Matter of Agosto v. Wyman, 35 A D 2d 1080 [affirming without opinion the State Commissioner’s denial of additional home relief — see Record on Appeal No. 11264, App. Div. 1st Dept.]),- while other cases hold that theft of furnishings is a catastrophe (see, e.g., Matter of Colon v. Wyman, 63 Misc 2d 1053; Matter of Torres v. Wyman, 60 Misc 2d 771).
At bar, the court is inclined to the view that the sudden and unexpected entry of a horde of young children into petitioner’s premises for a period of approximately three months was catastrophic. Furthermore, the damage herein was akin to a wrongful taking or a theft and might be governed by those cases which hold a theft the equivalent of a catastrophe. Nevertheless, whether the damage was in fact a “ like catastrophe ” within the meaning of the statute need not be decided at this time because the proviso embodied therein “ provided provision therefor cannot otherwise be made ’ ’ is applicable to this ease. The statute additionally requires that ‘1 Emergency assistance to needy families with children shall be provided ® * * when such assistance is necessary to provide them with living arrangements in a home ” (Social Services Law, § 350-j, subd. 3). Regulations promulgated pursuant to the cited section provide that: 11 Emergency assistance shall be available in emergency situations which suddenly render a family destitute or homeless including those caused by natural disasters, serious injury to persons or damage to property resulting from other causes ” (18 NYORR 372,3[a]).
*859 “So long as Federal aid is available therefor,75 the emergency assistance provision would appear to govern requests for additional relief to remedy damage caused to property (Social Services Law, § 350-j, subd. 1; 63 N. Y. Jur., Welfare and Social Security, § 161). However, respondents claim that petitioner has received sums allocable to the damaged furnishings pursuant to cyclical and flat grant payments. The record before the court does not indicate the amounts allegedly paid in regard thereto. Accordingly, the cross motion to dismiss the petition is denied, and the petition is granted to the extent that the determination of respondents is annulled and the matter is remanded for a hearing to determine the sums received by petitioner to cover damaged furniture so that said amount shall be deducted and petitioner given the appropriate grant for the balance, if any.