James H. Boomer, J.
Plaintiffs in this injunction action bring a motion for a preliminary injunction.
A number of recipients of public assistance, including the two named plaintiffs, through a mistake made by the defendant Monroe County Department of Social Services, received duplicate assistance checks for the month of January. In the middle of March, the defendant wrote a letter to each person who received duplicate checks, explaining the error and asking that the additional check be returned. If, the letter continued, the check was not returned, a reduction would be made in future assistance checks to recoup the overpayment. The plaintiffs then began this action for an injunction and moved for a preliminary injunction restraining the defendants from making any reduction in future public assistance checks.1 Before this motion was argued, the defendant had already made the deductions from plaintiffs’ assistance checks and the plaintiffs now request that the amounts deducted be paid to them.
Plaintiffs base their action and this motion upon a regulation of the New York State Department of Social Services which reads in part: “ When a social services official proposes to discontinue, suspend or reduce a grant of public assistance he shall *538 notify the recipient in writing of his intention to discontinue, suspend or reduce the grant at least seven days prior to the proposed effective date of the discontinuance, suspension or deduction together with the reasons for his intended action * * *. Such notification shall further advise the recipient; that if he makes a request therefor, he may appear at the time and place indicated in the notice before the person identified therein who will review his case with him ’ The regulation further provides for the procedure at the review where evidence may be presented by both sides. Following the review and on the basis of the evidence and arguments submitted at the review, the review officer is required to make a decision and send a written potice of that decision to the public assistance recipient. The regulation concludes, “ Assistance shall not be discontinued, suspended or reduced prior to the date such notice of decision is sent to the recipient and his representative, if any, or prior to the proposed effective date of discontinuance, suspension or reduction, whichever occurs later.” (18 NYCRR 351.26 [a].)
The meaning of this regulation is clear. No reduction in payments of public assistance shall be made unless a notice has been sent to the recipient advising him of his right to appear before a social services official and be heard. The notice sent to the plaintiffs did not advise them of this right. Consequently, the defendant is directed to pay to the plaintiffs the amounts by which their public assistance checks were reduced.
Plaintiffs purport to sue also on behalf of ‘ ‘ all other persons similarly situated.” They may not; for this is not a proper class action. “ The real sanction accorded * * * to class suits has been in the closely associated relationships growing out of trust, partnerships or joint venture, and ownership of corporate stock [citing cases].” (Hall v. Coburn Corp. of Amer., 26 N Y 2d 396, 402.) The case of Lichtyger v. Franchara Corp. (18 N Y 2d 528) relied upon by plaintiffs is not in point since that case involved the closely associated relationship of limited partnership. True, at least one case decided by the Court of Appeals involved a relationship other than that growing out' of trust, partnership or joint venture. (See Kovarsky v. Brooklyn Union Gas Co., 279 N. Y. 304.) But “the tendency of the cases which followed Kovarshy (supra) is to restrict, rather than enlarge, the scope of class action.” (Hall v. Coburn Corp. of Amer., supra, p. 402.)
The order to be submitted should direct payments to the named plaintiffs only.