John H. Doerr, J.
The petitioner is of Puerto Rican descent and speaks Spanish only. She has resided in Buffalo, New York, since February, 1971, in an unfurnished 2-bedroom apartment with her 6 children and 3 stepchildren. The family unit includes the petitioner, 5 girls; ages 13, 2, 21 months (twins) and 9 months old, and 4 boys; ages 9, 8, 6 and 5 years old. The petitioner has been abandoned by her husband and she and her family are dependent on (and receive) public assistance. She owns a refrigerator and stove purchased with special grants issued by the Erie County Department of Social Services. She also owns a crib. According to the petition, the only other furniture in the apartment consists of one chair, two beds (one a single) and a playpen, all of which Mrs. Lorenzo claims were borrowed from a brother and sister. The petition alleges that two of the boys sleep on the floor and the other two boys sleep on a couch in an apartment next door; that the 13- and 2-year-old girls sleep in the single bed ; that the twins sleep in the broken playpen and the youngest girl, 9 months old, sleeps in the crib. The petitioner has requested the allowances and grants provided for in 18 NYCRR 352.7(a) and in accordance with schedules listed therein which the respondent has denied and the petitioner now seeks, in this article 78 proceeding, a judgment declaring respondent’s refusal to be arbitrary, capricious and in violation of the law. The petitioner alleges that she and her family are faced *388 with an emergency and health hazard so immediate that fair hearing procedures (18 NYCRR 84.1 et seq.) do not provide her an adequate remedy.
The refusal of the respondent to provide the assistance requested by petitioner is basically threefold: (1) The petitioner has created her own problem by allowing herself and 9 children to remain in a two-bedroom flat and the required furniture for 10 persons could not be physically placed in her present 2-bedroom apartment; that she alone bears the responsibility for. selecting adequate housing. (Implicit in this posture is the compelling notion that petitioner’s request would be honored but for her inability to find more spacious quarters.) Also, that she has the use of sufficient beds (two) for two bedrooms and, although she claims they are loaned, there is no claim that the owners have demanded a return of the beds, so there is no genuine emergency; (2) that the petitioner’s husband who resides in New Jersey has adequate resources (although unemployed as of September 16, 1971) to provide the necessary household furnishings to the petitioner and her children and she has not instituted reciprocal support proceedings in Erie County Family Court; (3) the petitioner’s claim that the two-month period to determine her rights by a fair hearing does not provide an adequate remedy is without merit since it would probably take her two months to secure adequate housing and she has not established sufficiently that she and her family live under emergency conditions which would entitle her to avoid an administrative fair hearing process which she must first pursue before she can seek relief from the court.
From a reading of the petition and the reply of the respondent it is clear that the substantive facts in this matter are not seriously in dispute. The petitioner made a request for an allowance for essential furnishings and her request was rejected by the respondent in totality without any attempt to render assistance to alleviate any of her problems which led to the need to make the request in the first instance.
Other than providing semi-monthly AFDC assistance and monthly grants for heat and rent which are mandated by law, it does not appear that the respondent has made any effort to make the impossible human condition of this family more tolerable. There is no claim that the petitioner has been unco-operative, recalcitrant or overreaching in her relationship with the Erie County Department of Social Services. Nor is there a claim that the petitioner and her family are enjoying a life style above a poverty level which might justify a rejec *389 tion of her request for aid. If anything, the respondent’s rejection of the petitioner’s request merely makes her poverty more abject.
The court is unable to understand why the respondent has not gone to the aid of the petitioner and her family in her present difficulty. Is there a more classic demonstration than this of a family in need of public assistance? More difficult to grasp is the outright and total rejection of the petitioner’s request and the illusory and conclusory finding of the respondent that the petitioner has not established that an emergency exists. It is the respondent, not the petitioner, who raises the issue of an emergency (or nonemergency). 18 NYCBB 352.7(a) does not make the existence of an emergency a condition precedent to qualify for an allowance for necessary and essential furniture. Section 84 of the Social Services Law refers to an emergency revolving fund available to Commissioners of Social Services which shall be used only where it would be a hardship on the applicant or recipient to wait for the issuance of a grant in accordance with regularly established disbursement procedures. Precisely what an ‘ ‘ emergency ’ ’ is for the purposes of the Social Services Law is not defined in the law. The term is nonetheless used extensively in the law. (See, especially, Social Services Law, § 350-j. Emergency assistance to needy families with children.) Webster’s Seventh New Collegiate Dictionary (G-. & C. Merriam Co., Publisher, 1967 ed.) defines emergency: “ n. 1: an unforeseen combination of circumstances or the resulting state that calls for immediate action 2: a pressing need ” (p. 270). It does not seem reasonable nor should it be necessary to engage in semantics when the problem really involves the human condition and not merely a word. The conditions under which the petitioner and 9 children are living, with two beds, a crib and a playpen constituting the entire sleeping facilities, are intolerable and alone establishes an emergency. The need to alleviate these conditions is now, not two or three months from now. A home without beds to sleep in, tables to eat from and chairs to sit on is a home in dire need. A family of 10 persons trying to live in a two-bedroom apartment is in desperate straits and is laboring with an on-going hardship.
Nothing in the respondent’s reply suggests he is without authority in law to grant the allowance requested by the petitioner or that she and her children are not persons in need of assistance under the Social Services Law. Indeed, it is incumbent upon him, and those who are in his employ, to provide adequately for those unable to maintain themselves, to *390 see that families are kept together and not separated for reasons of poverty alone, to see that they are provided services to maintain and strengthen family life and to this end use appropriate community resources in providing such services. (Social Services Law, § 131.) While it may be admirable for public officials to be mindful of the taxpayers’ concern over expenditures of public funds, this concern must not be permitted to prevail over the more important business of the preservation of human dignity. Sleeping on floors or in crowded and inadequate beds or on a couch in a neighbor’s apartment is undignified and demeaning and such a condition should not be permitted to continue. Public assistance includes the providing of necessary and essential furniture required for the establishment of a home for persons in need of public assistance (18 NYCRR 352.7[a]).
The respondent’s contention that the. petitioner must first exhaust administrative remedies through fair hearing procedures is unreasonable, unnecessary and unacceptable. (Matter of Edge v. Sugarman, 66 Misc 2d 713.)
Obviously one who speaks Spanish only, as does the petitioner, needs aid in seeking adequate housing, perhaps even understanding what adequate housing is. Such a person likewise needs guidance in understanding her legal rights as they pertain to her husband and the remedies available to her. These matters can be taken care of in a manner suitable to the respondent after the petitioner’s immediate needs are remedied. Mrs. Lorenzo, with her language difficulties along with trying to maintain a family of 9 children 13 years and younger, has a real need for homemaker services, if such are available, in a way in which she can understand for the better care of herself and her family and to provide the guidance in dealing with an extremely difficult task.
The court finds that the action of the respondent in rejecting the petitioner’s request for essential furnishings under 18 NYCRR 352.7(a) is arbitrary and capricious and should therefore be annulled. The matter is, therefore, remanded to the respondent Commissioner of the Brie County Department of Social Services in order that he may reconsider the petitioner’s request in the light of this decision.
Pending a review of the total rejection of the petitioner’s request as directed herein, the respondent is further directed to investigate and consider what articles of furniture may be provided the petitioner to care for her immediate needs until a more stable long-range accommodation can be accomplished.
*391 Under the general mandate of State law to assist those unable to maintain themselves the respondent is further directed to forthwith extend assistance to the petitioner to help her obtain adequate living quarters for her family and herself and to make available to the petitioner such homemaker services which are appropriate to the case.