John H. Doerr, J.
This article 78 proceeding seeks to compel the County Commissioner of Social Services to issue a grant for essential furnishings pursuant to 18 NYCRR 372.2 (a) and section 350-j of the Social Services Law.
The petition alleges that petitioner is the mother of four infant children, has been abandoned by her husband and receives *88 public assistance in the category of Aid to Families with Dependent Children (AFDC) and has no other income or source of support. It is further alleged that on October 18, 1971 the petitioner and her four children left their residence to stay with a relative overnight because there was no heat in their apartment and upon returning to the apartment late in the morning of October 19, 1971 the petitioner discovered that the apartment had been broken into, that a substantial amount of her furniture, linens, kitchenware and all the clothing of the petitioner and her children had been stolen, that the theft was immediately reported to the Police Department and to the Department of Social Services, that a request was made by petitioner for emergency aid and she was told that the Social Services Department could not replace furniture.
The respondent Commisisoner’s answer consists of one paragraph specifying a lack of knowledge or information sufficient to form a belief as to the truth of the critical allegations contained in the petition. The answer is unverified despite CPLB 7804 (subd. [d]) which states, “Where there is an adverse party there shall be a verified answer, which must state pertinent and material facts showing the grounds of the respondent’s action complained of.” No record of proceedings of the action complained of has been filed with the answer, nor are there any affidavits attached to the answer to give the court some idea of the position of the Commissioner of Social Services in the face of the allegations contained in the petition. (CPLB 7804, subd. [e].) The respondent has submitted a memorandum of law which is a verbatim rendering (without the footnote on p. 438) of the court’s decision in Matter of Howard v. Wyman (28 N Y 2d 434). Assuming that the respondent places total reliance on the Howard decision as a defense to the petition before the court, this defense must fail.
The petitioner’s claim that the respondent’s failure to honor her request for essential furnishings is arbitrary and capricious is based upon the mandate of section 350-j of the Social Services Law which provides: “ 1. Any inconsistent provisions of this chapter or of any other law notwithstanding, so long as federal aid is available therefor, a social services district shall provide emergency assistance as herein defined to persons eligible, including migrant workers with families. 2. The term ‘ emergency assistance ’ means aid, care and services furnished for a period not in excess of thirty days in any twelve-month period, in the case of a needy child under the age of twenty-one who is living with a person related to him by blood, marriage or *89 adoption who is eligible to receive aid to dependent children on his behalf pursuant to this chapter and regulations of the department. 3. Emergency assistance to needy families with children shall be provided in accordance with the regulations of the department for children who are without available resources, and when such assistance is necessary to avoid destitution or to provide them with living arrangements in a home, and such destitution or such need did not arise because such children or relatives refused without good cause to accept employment or training for employment.” (Eemaining subdivision [4] not pertinent to the instant case.)
Federal aid is available “ For the purpose of encouraging the care of dependent children in their own homes or in the homes of relatives by enabling each State to furnish financial assistance and rehabilitation and other services, as far as practicable under the conditions in such State, to needy dependent children and the parents or relatives with whom they are living to help maintain and strengthen family life and to help such parents or relatives to attain or retain capability for the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection ”. (U. S. Code, tit. 42, § 601.) The duty to provide care for the needy falls not upon the State alone but on the county and, therefore, on the County Commissioner of Social Services. Section 1 of article XVII of the State Constitution provides: ‘ ‘ The aid, care and support of the needy are public concerns and shall be provided by the state and by such of its subdivisions, and in such manner and by such means, as the legislature may from time to time determine.” (Emphasis supplied.)
The only question before the court is the petitioner’s right to receive emergency assistance under section 350-j of the Social Services Law. Title 18 NYCEE 372.2 (a) and 372.4 require the question to be answered in the affirmative. (Matter of Bates v. Wyman, 36 A D 2d 854; Matter of Nazario v. New York City Comr. of Social Services, 37 A D 2d 630.)
Eligibility to receive assistance under the statute (Social Services Law, ■§ 350-j) is only conditioned by an emergency to avoid destitution. (Matter of Lawson v. Shuart, 67 Misc 2d 98; Young v. Shuart, 67 Misc 2d 689.) The respondent’s duties are clearly spelled out in section 131 of the Social Services Law: ‘ ‘ It shall be the duty of social services officials * * * to provide adequately for those unable to maintain themselves ”. Persons who are destitute or in imminent danger of becoming destitute are clearly unable to maintain themselves so long *90 as they have not refused to accept employment or training for employment.
Social Services officials, of course, have the right and duty to prevent overreaching. If there exists no destitution, there is no obligation to make grants or provide furnishings and clothing. If a theft has not actually occurred, then the petitioner is guilty of overreaching and fraud. But then, what becomes of the innocent, the needy children without available resources? In any event, it is not sufficient for the respondent to simply deny having any knowledge or information to form a belief as to the allegations contained in the petition. His refusal to grant .relief without having made any inquiry into the facts is arbitrary and capricious.
This court will follow the procedure of Mr. Justice Meyer in his thoughtful decision in Young v. Shuart (supra) and direct that respondent, within five days after service upon him of a copy of the judgment to be entered hereon, issue an appropriate grant to petitioner and her family for essential furnishings (not necessarily for an item by item replacement of articles claimed to be stolen) and clothing, subject, however, to respondent’s right to reimburse himself for such payment out of future sums payable to petitioner (reasonably prorated in point of time) should it be determined by respondent after consideration of the facts that destitution or a theft has not been established.