James 0. Moore, J.
On two occasions this court has held that section 350-j of the Social Services Law mandates the granting of emergency assistance to needy families with children, rendered destitute by a burglary of household furnishings and clothing. (Matter of Thomas v. Sipprell, 69 Misc 2d 87; Ahmad v. Sipprell, April 30, 1972, unreported; see, also, Matter of Lawson v. Shuart, 67 Misc 2d 98; Young v. Shuart, 67 Misc 2d 689, affd. 39 A D 2d 724 [2d Dept.].)
In the instant proceeding (CPLB art. 78) all of the allegations of the petition, including the burglary and the destitution, stand admitted, and the respondent Sipprell relies on a regulation which provides in effect that an application for emergency assistance will not even be entertained in the event it is occasioned by theft. (18 NYCBB 372.2[c].) The application of such an administrative standard without regard to the facts and circumstances of the case is arbitrary and hence invalid.
The adherence of the respondent Sipprell to the policy embodied in the afore-mentioned regulation in the face of the previous determinations of this court warrants the maintenance of the above-entitled proceeding asa“ class action ”. (Young v. Shuart, 67 Misc 2d 689, affd. 39 A D 2d 724, supra.) Accordingly, the relief sought in the petition is granted as to the respondent Sipprell.
The petition is dismissed as to the respondent Lavine since no act or failure to act is alleged as to this respondent.