James H. Boomer, J.
In this proceeding under CPLR article 78 to review a determination of the Commissioner of the Department of Social Services, the issue concerns the interpretation of subdivision (d) of section 352.31 of the regulations of the Department of Social Services (18 NYCRR 352.31 [d]). That subdivision provides, “ When a grant has not been reduced in a month when there is an increase in income or a decrease in need, an adjustment may be made to offset the excess in either or both of the two months following the month in which the excess was discovered, provided such excess is available to the recipient at the time the adjustment is made.” (Emphasis supplied.)
It is undisputed that the petitioner on May 1, 1972, through an error, received an extra public assistance check in the amount of $130.50. She spent this check on May 2, 1972, to purchase coats and beds for two of her minor children who had just arrived from Puerto Rico. By letter dated May 15, 1972, she was notified that her public assistance benefits for the next two months, commencing June 1, 1972, would be reduced to recoup the overpayment of $130.50. The Commissioner has held that this adjustment was authorized under subdivision (d) of section 352.31 of the regulations.
The determination of the Commissioner must be reversed and the amounts deducted from petitioner’s checks refunded. The regulation permits recoupment of excess payments only if petitioner has excess moneys available to her “ at the time the adjustment is made”. At the earliest, the adjustment was made when the petitioner was notified that her future payments would be reduced. At that time, the petitioner did not have the excess available to her. This interpretation accords with the Federal regulation requiring that 1 ‘ current payments of assistance will not be reduced because .of prior overpayments unless the recipient has income or resources currently available in the amount by which the agency proposes to reduce payment (Code of Fed. Reg., tit. 45, § 233.20, subd. [a], par. [3], cl. [ii], subcl. [d]).
If the regulation of the Department of Social Services is construed to mean that there may be a reduction in current or future payments because of an overpayment made in the same month, but prior to the reduction, even though the peti *428 tioner does not have the excess available at the time of the reduction, then the department’s regulation is invalid since it conflicts with the Federal regulation (see Holloway v. Parham, 340 F. Supp. 336; Cooper v. Laupheimer, 316 F. Supp. 264; Bradford v. Juras, 331 F. Supp. 167, 170).
Counsel for the respondents argues that petitioner did have an excess available to her when the adjustment was made since, at that time, she. had the beds and clo’thing for her children and, therefore, her needs for that month were decreased. But the record shows that the beds and clothing for her two children were not included in the items upon which plaintiff’s needs were based when her grant was fixed and they could have formed the basis for a supplemental grant.