Robebt E. Dempsey, J.
Petitioner, Rebecca Jones, resides with her two children and three grandchildren in Westchester County. They are recipients of public assistance classified as “Aid to Dependent Children” (Social Services Law, § 343 et seq.; Code of Fed. Reg., tit. 45, § 233.120). On May 1, 1973, after receiving her monthly grant from the County of Westchester (which is partially Federally funded), the entire proceeds (partly represented by food stamps she had purchased) *660 were purportedly stolen. Respondent Department of Social Services of the County of Westchester replaced $267 of this amount, but refused to replace the balance of $131. It also denied her attorney’s requests for an immediate and preferred hearing. The Legal Aid Society of Westchester County presented a lengthy petition and an order to show cause in an article 78 proceeding on behalf of petitioner and her children and grandchildren and “ all others similarly situated ” (i.e., a class action) to this court for signature. Contending complete destitution the Legal Aid requested an early return date. The order to show cause was signed on May 21,1973 and made returnable on May 25,1973. On the return date petitioners’ attorneys submitted a memorandum of law (which had been mailed to respondents on the 23d). Respondent County of Westchester orally stated that full payment would be made and contended that the matter was moot. The Legal Aid strenuously objected on the grounds that the ‘ ‘ class action ’ ’ was of prime importance. Respondent Commissioner of the Department of Social Services of the State of New York (State) requested time to analyze its position in the proceeding, which was granted. Thereafter the State submitted an “ objection in point of law ” asserting that as to the State the petition failed “ to state a claim upon which relief may be granted ’ ’ together with a memorandum of law. The “objection” further requests “ten days additional time to respond to the merits ” if the courts find the State to be a proper party. This latter request is denied. This is not a motion to dismiss, but rather a challenge to joinder as a party. The State has had sufficient time to respond to the merits of petitioners ’ claims. Respondent county has submitted its answer which alleges among other items that petitioner has been paid the substitute reimbursement in full.
The contention that this proceeding is moot by reason of the belated payment by the county is rejected. The issues raised herein are of sufficient importance with regard to the public policy of the State to require a resolution by this court in the first instance (Matter of Oliver v. Postel, 30 N Y 2d 171; Christman v. Skinner, 38 A D 2d 884). Recent decisional law in various courts, including the Appellate Division, Second Department and Supreme Court, Rockland County (Marbach:, J.) stand clearly for the proposition that a class action lies properly under the facts presented herein and that the State regulation which provides that emergency assistance is not available to replace loss of a grant by reason of theft is arbitrary and unlawful (18 NYCRR 372.2). Section 350-j of the New York Social Services *661 Law mandates that the responsible State and local agencies establish procedures for preferential hearings and expedited appeals from adverse determinations (Young v. Shuart, 39 A D 2d 724; Norton v. Commissioner of N. Y. State Social Serv., April 19, 1973, Mabbach, J.). Pursuant to these authorities, Federal statutes and regulations concerning ‘ ‘ emergency assistance to needy families with children ” (U. S. Code, tit. 42, § 606, subd. [e]; Code of Fed. Reg., tit. 45, § 233.120) this court holds that this article 78 proceeding has been properly commenced as a ‘ ‘ class action 5 ’; that the county is under a duty to promptly formulate and promulgate rules and/or regulations providing for immediate hearings (and appeals therefrom) pursuant to section 350-j of the Social Services Law, and that local regulation, section II, part V, p. 18a of the Westchester County Caseworker’s Manual is improper. In fact, all of this has clearly been spelled out in Young v. Shuart (supra) decided May, 1972.
An issue of some complexity as to the status of the respondent State arises here in this case. It is noted that in Young v. Shuart (supra) and in Matter of Ross v. Sipprell (71 Misc 2d 677) the deciding courts pointed out that the local Commissioners of Social Services adhered to the State rule (18 NYCRR 372.2 [c]) for refusing relief under the facts and circumstances. In fact, in Young v. Shuart (39 A D 2d 724, 725, supra) our Department stated that ‘ ‘ an expedited appeal procedure should also be provided for”, although apparently the State Commissioner was not a party to the proceeding as he was in Ross and is in this case. The continued existence of the rule, viable at this time (although held judicially to be arbitrary, unlawful and void) simply invites multiple actions by a class to accomplish a justifiable result. The petition before this court alleges that the State has failed to provide for such procedure although duly obligated to do so. In the light of the social importance herein involved, this court finds that the State has an affirmative duty, pursuant to the applicable sections of legislation establishing the Department of Social Services to establish and enforce regulations granting preferential hearings and expedited appeals in comparable situations (Social Services Law, § 20, subd. 3, pars. [a], [d]; § 34, subd. 3, pars, [a], [e]). If the barrier to the local board’s action emanates from the rule judicially declared void, previously adopted by the State, both levels of government should bring their procedures and rules into conformity with the concept of due process inherently in the facts of the case and expressly stated in Young (supra).