John H. Doerr, J.
This is an article 78 proceeding in which petitioner seeks relief from an affirmance by respondent of a decision by the Erie County Department of Social Services (Agency) which denied, after a fair hearing, her request of a grant for household furnishings.
Petitioner and her four children, aged 2, 4, 6 and 8, are recipients of public assistance under the category of Aid to Families with Dependent Children (AFDC).
*78 On November 28, 1969, petitioner resided with her husband and children when a fire burned them out, destroying their furniture. She applied for public assistance on December 9, 1969, and since her husband did not sign the application, it was withdrawn on January 12, 1970. She applied again for aid on March 25, 1970, based upon the abandonment of the family by the husband during that month, and has been on full AFDC assistance since that time.
On March 6,1972, petitioner formally requested an allowance fdr the replacement of furniture lost in the fire. The Agency denied that request.
The fair hearing on that denial established that petitioner and her four children live in an apartment consisting of two bedrooms, a kitchen, dining room and living room.
As far as furniture is concerned the Red Cross, after the. fire, gave the family a stove, refrigerator, couch and chair. In October, 1970, petitioner purchased a dining room table and chairs. A group called Help The Neighbor brought in a couch with a broken spring and a torn-up chair. The oven in the stove is burnt out, the refrigerator is broken, and the chair from the Red Cross sits on bricks. The family has no end tables, coffee table or lamps, and in some rooms there are no lights. The entire family sleeps together on a double mattress which constitutes one bed.
Edith Van Dyke, senior caseworker for the Agency, testified at the hearing that on her inspection of petitioner’s home, “ What I saw she did need were two beds and she didn’t have any living room furniture.”
Agency district supervisor Johnson stated at the hearing, “ There is no denying Mrs. Nichols has needs, yes.”
The Agency takes the position that it cannot replace furniture damaged by fire when the client was not on welfare at the time, and the Hearing Officer, with an exercise in semantics as arbitrary as any ever reviewed by this court, refused to consider petitioner’s application as one for furniture needed in the establishment of a home since that would be under a different regulation of the Social Services Department.
The. ambivalence of the Agency’s position becomes evident from the decision rendered after the fair hearing. ' The finding there, at variance with the record, was that petitioner had requested a grant for replacement of -old and worn-out furniture. The respondent then enlarged the conclusion reached by incorporating the language of section 131-a (subd. 6, pars, [a], [b]) of the Social Services Law. It was held that “ There is no provision in the Social Services Law or the Regulations of the *79 State Department of Social Services for the replacement of furniture in the present circumstances.”
The authority for petitioner’s application, as found in section 131-a of the Social Services Law, provides:
“ 6. Notwithstanding any other provisions of this chapter or other law, a social services official may make provisions for the following items and services: (a) replacement of necessary furniture and clothing for persons in need of public assistance who have suffered the loss of such items as the result of fire, flood or other like catastrophe, provided provisions therefor cannot otherwise be made;
(b) purchase of necessary and essential furniture required for the establishment of a home for persons in need of public assistance, provided provision therefor cannot otherwise be made ;
(c) essential repair of heating equipment, cooking stoves, and refrigerators used by persons in need of public assistance in their homes, provided provision therefor cannot otherwise be made ”.
This statute is clearly applicable in this situation and any fair reading and interpretation thereof, should, without more, be a sufficient basis for the furniture grant being requested.
In addition thereto is the mandate of section 350-j of the Social Services Law relative to emergency assistance to needy families with children.
Without dwelling on the facts it suffices to say that such statute is clearly applicable.
“Eligibility to receive assistance under the statute (Social Services Law, § 350-j) is only conditioned by an emergency to avoid destitution (Matter of Lawson v. Shuart, 67 Misc 2d 98; Young v. Shuart, 67 Misc 2d 689). The respondent’s duties are, clearly spelled out in section 131 of the Social Services Law: ‘ It shall be the duty of social services officials * * * to provide adequately for those unable to maintain themselves ’.” (Matter of Thomas v. Sipprell, 69 Misc 2d 87, 89.)
Based on the record below I find the grant denial by respondent to have been arbitrary and capricious.
The determination by respondent affirming the denial of the grant to petitioner is annulled, and it is hereby directed that respondent, within five days after service upon him of a copy of the judgment to be entered hereon take all steps necessary to comply herewith, including a direction to the Agency to issue an appropriate grant to petitioner and her family so that essential furnishings for the home can be secured.