John H. Doerr, J.
This is a proceeding pursuant to CPLR article 78 which seeks to annul as arbitrary and capricious the affirmance by respondent of a denial by the Erie County Department of Social Services (Agency) to petitioner on her request for furniture to establish a household.
At the time of her request petitioner was 18 years of age, single, and the mother of an infant child. She is a recipient of public assistance under the Federal category of Aid to Families with Dependent Children (AFDC).
She and her youngster reside with her sister, brother-in-law and their two children in the sister’s two-bedroom apartment. As can be seen, a total of six persons live in those cramped quarters where petitioner and her child sleep in one small bedroom with the sister’s two infants. Actually petitioner shares a single bed with one of her sister’s children while her own child shares a crib with the other.
It is disturbing to the court that respondent in his answer denies knowledge or information sufficient to form a belief as to petitioner’s housing situation while the record below clearly establishes the veracity of petitioner’s allegations in this regard.
Then, to further detract from the integrity of respondent’s answer, is the denial of knowledge or information that the Erie County Department of Health has declared the present premises occupied by petitioner as unfit by reason of overcrowding and ordered her to vacate same. Not only was a copy of that order submitted at the hearing, but it affirmatively appears that the *81 Agency was served with a copy 15 days before petitioner’s furniture request.
The Health Department notice that11 Violations dangerous to human life are detrimental to health requiring this action for your safety ” cannot be lightly treated.
In any event petitioner searched for a furnished apartment for herself and her child but found nothing available except two in;,unlivable condition.
There are unfurnished apartments obtainable, particularly municipal housing with rent schedules within the Agency allowances, but to establish a home in one of these a furniture grant would be necessary.
Petitioner arrived at a solution to the housing-health probletn by an agreement whereby her sister and her sister’s family will move from the present shared apartment and petitioner and her youngster will remain there.
There is one difficulty presented, however, since when the sister moves out petitioner will have totally unfurnished premises with no furniture whatsoever.
The resolution of this dilemma was petitioner’s request for the furniture, grant which the Agency denied, with respondent affirming that action. The fair hearing now under review resulted.'
Petitioner contends that the respondent acted in a manner which was both arbitrary and capricious. This court agrees.
From respondent’s decision after fair hearing one is forced to wonder if the fair hearing record was ever reviewed by respondent or whether he had the proper file in the first instance.
To quickly demonstrate, it is pointed out that the fair hearing Vas held before Hearing Officer Mario G-ambaeorta while the decision by respondent states it was held before Mary Davey.
That same decision contains a finding that petitioner resides in' a furnished household with her brother which is totally in error.
Furthermore, the conclusion by respondent that petitioner is Pot entitled to the requested special grant because she does not fall within one of the four enumerated circumstances found in section 352.7 (subd. [a], par. [2]) of the Regulations of the State Department of Social Services (18 NYCRR 352.7 [a] [2]) is not only ill founded but contrary to a precedent established by that State department. ‘‘ Pursuant to Section 131-a.6 of the Social Services Law, a social services official is required to make provision for the purchase of necessary and essential furniture required for the establishment of a home for persons in need *82 of public assistance. Section 352.7 of the Regulations of the State Department of Social Services sets forth circumstances in which such furniture shall be provided. However, the issuance of grants for furniture to establish a home are not. limited to the four situations specified, since the Regulation clearly indicates that such are to be considered guide lines.” (Social Services decision after fair hearing, No. 598-71.)
The need of petitioner is clearly established in the hearing record and her eligibility for a furniture grant is not only clearly-indicated but necessary.
Even if this court rejected the “ guidelines ” holding set forth above, which I do not, there is additional authority for the requested grant by statute (Social Services Law, § 350-j).
The determination by respondent which affirmed the denial of the special grant to petitioner is reversed as being arbitrary and capricious and it is hereby directed that respondent, within five days after service upon him of a copy of the judgment to be entered hereon, take all necessary steps to comply herewith including a direction to the Agency to issue an appropriate grant to petitioner so that she can secure essential furnishings to establish a home for herself and her child.