Harold J. Hughes, J.
This is a proceeding pursuant to CPLR article 78 against the Commissioner of the New York State Department of Social Services and the Commissioner of the Albany County Department of Social Services. The proceeding is brought on behalf of the individual petitioner and on behalf of all other persons similarly situated, pursuant to CPLR 1005.
The petitioners are recipients of public assistance in Albany County in the Federal category Aid to Families with Dependent Children (AFDC). They allege in their petition that they are destitute in that they lack essential furniture, particularly beds, and they are unable to purchase furniture with regular assis *1047 tance grants. It appears that applications for furniture as emergency assistance have been denied as a matter of policy and as the result of regulations promulgated by respondent Lavine and enforced by respondent Fahey.
In general, petitioners seek to establish that, as a matter of law, emergency assistance pursuant to section 350-j of the Social Services Law is available to families in receipt of public assistance whose children lack essential furniture, particularly beds, where furniture previously available has deteriorated and otherwise has become worn-out and inadequate. Petitioners iseek a determination that those regulations promulgated by respondent Lavine, which purport to limit the availability of emergency assistance to items which may be provided under regular assistance, are violative of State and Federal law and are, therefore, null and void. In addition or in the alternative, petitioners seek a determination that section 131-a (subd. 6, par. [b]) of the Social Services Law, which provides for furniture grants for establishing a home, is applicable to persons in need of essential furniture as a result of the deterioration of previously-owned furniture and that those regulations promulgated by respondent Lavine which limit the applicability of furniture grants (18 NYCRR 372.2 [b] and [o]; 18 NYCRR 352.7 [a] [2]) are null and void.
The petitioner Eleanor Baumes receives as her sole income the sum of $123.14 semimonthly from the Albany County Department of Social Services. It is alleged that in the past month she has had to share sleeping arrangements with her 13-year-old son. In addition to .one bed, petitioner has a sofa bed which she claims is worn-out and the springs of which are exposed. On May 2, 1973, she presented the department with a written request of replacement of the sofa bed pursuant to section 350-j of the Social Services Law. Her request was denied in writing for the reason that, under the regulations of the New York State Department of Social Services, emergency assistance may not be granted.
Petitioner Loretta Brown resides with her two sons, ages 15 - and 12, and her daughter, age 3, and receives as her sole income the sum of $169 semimonthly from Albany County. It is alleged in her petition that her 12-year-old son is without a bed and sleeps on the floor and that her 15-year-old son sleeps in a borrowed bed which must soon be returned. In the spring of 1973 when she moved to her present address, the bunk beds that had been used by her family for the past 12 years were deteriorated and no longer usable. On May 2,1973, she requested in writing two beds pursuant to section 350-j. It is alleged that there has *1048 been no investigation as to the facts of petitioner’s request and that the request has not been granted.
Petitioner Claudine Ravenna resides with her four minor children, ages 4 through 17, and an adult daughter, age 21. Her sole income is her regular assistance grant of $170 semimonthly. This petitioner alleges that there are insufficient beds and other essential household furniture. The furniture previously supplied by the department had become worn-out and was discarded. On May 24, 1973, she requested furniture under the emergency assistance provision and the department has not responded to this request.
As a class, petitioners state that they have not been able to accumulate savings from their regular assistance grants to provide for replacement -of essential, deteriorated furniture; that the level of assistance payments for the AFDO category is only 90% of the minimum needs as established in 1969; and that due to the increased costs of living, particularly increased food prices, any sums in their grants which might be used to meet furniture needs have been utilized for food and clothing.
Finally, it is alleged that the children of these petitioners and others similarly situated are being permanently injured in that they must share sleeping arrangements with their parent, often parents of the opposite sex.
Petitioners contend that fhe policy of respondent Lavine as enforced by respondent Fahey in not meeting the needs of children for essential furniture is contrary to State and Federal law. It is further contended that the regulations in the New York Official Compilation of Codes, Rules and Regulations (particularly 18 NYCRR 372.2 [b] and [c]; 352.7). are in conflict with the Social Services Law and must be declared invalid.
The answer of the respondent Lavine generally denies the allegations of the petition and asserts several affirmative defenses: that this is not a proper class action; that petitioners have failed to exhaust their administrative remedies because they have not requested fair hearings; that the respondent Lavine is not properly joined as a party since there has been no request for a fair hearing.
The respondent Fahey has asserted objections in point of law which include the following: that petitioners have failed to exhaust their administrative remedies; that the present proceeding may not be prosecuted as a class action; that an article 78 proceeding is improper to declare invalid regulations of the New York State Department of Social Services; that the regulations in question are in all respects valid; and that there is *1049 no statutory authority for the replacement of the furniture in question.
Before proceeding to the merits, there are several procedural questions that must "be considered. The court first finds that this is a proper class action under CPLR 1005 (subd. [a]). As in Young v. Shuart (67 Misc 2d 689, affd. 39 A D 2d 724), the issues are not limited to whether the named petitioners are eligible for emergency assistance but whether respondent Fahey’s refusal as a matter of policy to consider the facts is impermissible under the governing statutes and whether certain regulations are in conflict with the statutes. The reasoning advanced by Mr. Justice Meyer in Young v. Shuart (supra) for sanctioning a class action in that case is equally applicable in the case at bar (see, also, Matter of Cisco v. Lavine, 72 Misc 2d 1009; Matter of Ross v. Sipprell, 71 Misc 2d 677; Murphy v. Wyman, 68 Misc 2d 894; Harris v. Wyman, 60 Misc 2d 1076).
Respondents ’ argument that petitioners have failed to exhaust their administrative remedies because they have not requested fair hearings is without merit. There is no question but that petitioners were denied consideration for emergency assistance as a matter of policy and without regard to their individual circumstances ; it cannot be seriously argued that petitioners must pursue their administrative remedies when to do so would be futile. Moreover, the doctrine of1 exhaustion of administrative remedies has been declared inapplicable in cases of denial of emergency assistance (see, e.g., Matter of Lorenzo v. Sipprell, 68 Misc 2d 387).
The respondent Lavine is a proper party since the petition seeks a judgment declaring regulations of the New York State Department of Social Services invalid and also a judgment directing said respondent to revise certain regulations. Ñor is there any question but that an article 78 proceeding may be treated as one for a declaratory judgment (CPLR 103, subd. [c] ; see, e.g., Matter of Cisco v. Lavine, 72 Misc 2d 1009, supra).
Proceeding to the merits, it is this court’s opinion that the clear mandate of section 350-j of the Social Services Law is applicable to these petitioners Subdivision 3 of that section states that emergency assistance to needy families with children shall be provided when such assistance is necessary to provide them with living arrangements in a home. One limitation on the grant is that the need must not have arisen because the children or relatives refused without good cause to accept employment. The only other condition is that the aid is to be given so long as Federal aid is available therefor (Social Services Law, § 350-j, subd.
*1050 1). No reason has been advanced why Federal aid would not be available under the circumstances of the present case (see Matter of Thomas v. Sipprell, 69 Misc 2d 87, 89; Young v. Shuart, 67 Misc 2d 689, 697, affd. 39 A D 2d 724, supra).
The section cannot be limited by the language in subdivision 3 — that assistance be provided in accordance with the regulations of the department. This language is concerned with the method of providing aid and not with eligibility, with “ how ” rather than “who” (Young v. Shuart, 67 Misc 2d 689, 698, supra-, Matter of Lawson v. Shuart, 67 Misc 2d 98,100).
The court concludes that emergency assistance pursuant to section 350-j should be available to families in receipt of public assistance who are without available resources and whose children lack essential furniture because furniture previously available has become worn-out and inadequate or because essential furniture is lacking for other reasons (see Matter of Bates v. Wyman, 36 A D 2d 854; Matter of Thomas v. Sipprell, 69 Misc 2d 87, supra; Matter of Lorenzo v. Sipprell, 68 Misc 2d 387, supra; Matter of Jones v. Kurtis, 65 Misc 2d 856, affd. 37 A D 2d 696; Herron v. Wyman, N. Y. L. J., July 6, 1972, p. 13, col. 6; cf. Matter of Nazario v. New York City Comr. of Social Servs., 37 A D 2d 630). Simply stated, the statutory requirement of providing “living arrangements in a home” necessarily requires the provision of essential furniture.
This holding is consistent with 18 NYCRR 372.4(a) which allows money payments for the replacement of essential household furniture. To the extent that the holding herein is inconsistent with other regulations, the latter must be deemed invalid and unenforceable. Thus, the limitations of assistance found in 18 NYCRR 372.2(b) and (c) are invalid.
The court has considered all affirmative defenses asserted by the respondent Lavine and objections in point of law raised by the respondent Fahey. The motions' to dismiss the petition based on said affirmative defenses and points of law are denied. Petitioners are entitled to judgment declaring 18 NYCRR 372.2(b) and (c) to be invalid. The respondent Fahey shall have five days from the service of the order to be entered hereon to serve and file an answer.