Joseph Liee, J.
In this article 78 proceeding petitioner seeks relief from a determination by respondent, Lavine, which affirmed a decision by the Nassau County Department of Social Services which denied his request of a grant for household furniture.
Petitioner resides with his wife and six minor children and is employed but receives supplementary assistance for aid to dependent children. His wife receives aid for the disabled also from the Nassau County Department of Social Services. For approximately five and one-half years petitioner and his family resided in a three-room apartment consisting of two bedrooms and a kitchenette until May 18, 1973 when they were forced to leave those quarters (as a result of an eviction proceeding) they moved into an unfurnished six-room private house (three bedrooms, living room, dining room and kitchen). Petitioner then asked the Nassau County Department of Social Services to provide a furniture allowance in order to purchase “ two sets of bunk beds, a living room suite, eight kitchen chairs and two dressers.” This request was denied by the Nassau County Department of Social Services and petitioner requested and was granted a fair hearing. As a result of said hearing a decision was rendered on August 15, 1973 which affirmed the determination of the Nassau County Department and found that petitioner’s request could not be granted under either the Social Services Lav (§ 131-a) or 18 NYCRR 352.7 ([a] and [d]) and that :
“ The record in this case clearly shows that the appellant had an established home and had furniture for the same. Inasmuch as the appellant was, therefore, not establishing a home for the first time on the move to the present apartment and there being no showing that the need for such furnishings arose from the loss of furnishings in a fire, flood or other like catastrophe, the agency was without authority to issue a special grant for furnishings and properly denied the appellant’s request for the same. Further, the allowance for furniture included in the general needs allowance in the appellant’s recurring grant is available to him for the purchase of any furnishings needed.”
The family previously lived in an apartment consisting of two bedrooms and a kitchenette. However, for a family of *679 eight where could they place the barest of necessities to establish a home in that apartment? Section 131-a (subd. [6]) provides that social service officials may make provision for the ‘ ‘ purchase of necessary and essential furniture required for the establishment of a home for persons in need of public assistance, provided provision therefor cannot otherwise be made” (see, also, 18 NYCRR 352.7 [a]). It is uncontroverted that petitioner’s six children (ages 7 to 11) share two twin beds for sleeping accommodations.
The record of the fair hearing indicates that petitioners requested additional furniture prior to their moving but those requests were denied. It may have been that additional furniture was not provided because there was no room in the apartment. However, now that the living quarters are adequate does that require petitioners continued existence under intolerable conditions? ■ Note should be taken that the children ranged in age from about one to six when they first occupied the apartment and shared two beds, three to a bed, now they are five and one-half years older and grown proportionately. The children are of different sexes. Communicable diseases find ready prey when they are compelled to occupy close quarters. To find as the hearing officer did that the family had ‘1 had an established home ’ ’ with 1 ‘ furniture for the same ’ ’ were euphemisms for the inadequate apartment and its contents which they had been forced to endure. The answer of the County Department states that additional furniture was not necessary because the number of people had not increased, only the number of rooms. In our view the determinations of the respondents were based on a narrow and improper construction of the statutes and regulations. It has been stated that sleep. Lg in ‘e inadequate beds * * * is undignified and demeaning and such a condition should not be permitted to continue.” (Matter of Lorenzo v. Sipprell, 68 Misc 2d 387, 390.) The Social Services Law requires public welfare officials ‘ ‘ to provide adequately for those unable to maintain themselves ’ ’ and to keep families together and ‘ ‘ to maintain and strengthen family life.” (Social Services Law, § 131, subds. 1, 2.)
Respondents in opposing petitioner’s request assert that there is no authority for said allowance. We take a contrary view. Section 131-a (subd. 6, par. [b]) of the Social Services Law provides ample authority for granting petitioner the allowance he requests. Respondents claim that since this situation does not constitute an emergency within the contemplation of section 350-j of the Social Services Law an allowance pursuant to that *680 section is not available. The court also disagrees with this position since it has been held that inadequate sleeping facilities “ alone establishes an emergency.” (Matter of Lorenzo v. Sipprell, supra, p. 389) and that “ the statutory requirement of providing 1 living arrangements in a home ’ necessarily requires the provision of essential furniture.” (Baumes v. Lavine, 74 Misc 2d 1046,1050.)
Accordingly, the determination of the respondents denying an allowance for furniture was an improvident exercise of discretion, it was arbitrary and capricious and the Nassau County Department of Social Services is directed to provide petitioner with an appropriate allowance to purchase the required beds. Since the record does not clearly reflect what furniture petitioner has nor the necessity for furniture in addition to the two beds that matter is remanded to the Nassau County Department of Social Services for further consideration in accordance with this decision.