Bertram Harnett, J.
In this article 78 proceeding, Thomas and Carol Knudsen challenge three determinations of the Nassau County Department of ¡Social Services.
We will treat these in series.
(1) Denial of emergency assistance to replace clothing of the Knudsen’s four children, Dorene, Thomas, Donna, and Christine, which Iwas destroyed by parasitic pinworms. As pertinent to this proceeding, subdivision 3 of section 350-j of the Social Services Law provides: ‘ ‘ Emergency assistance to needy families with children shall be provided in accordance with the regulations of the department for children who are without available resources, and when such assistance is necessary to avoid destitution
The county in its second affirmative defense asserts an all-too-familiar justification for its failure to provide an emergency grant for the children’s clothing. It claims that the only factors that warrant emergency assistance are ‘ ‘ fire, flood or other catastrophe ”, as set forth in 18 NYCRR 352.7, a State departmental regulation, although the statute enabling emergency assistance contains no such limitation.
To the extent the State regulation imposes substantive limitations on the provision of such assistance not contained in the statute, it is invalid and not therefore a basis for denial. (See 18 NYCRR Part 372.) This fundamental legal interpretation has been repeatedly made in proceedings involving this same department (e.g. Young v. Shuart, 67 Misc 2d 689, affd. 39 A D 2d 724; Matter of Lawson v. Shuart, 67 Misc 2d 98, 100; Matter of Preston v. Barbaro, 61 Misc 2d 327; Matter of *404 Woods v. Lavine, 76 Misc 2d 677), and other social services agencies throughout the State (e.g. Matter of Nazario v. New York City Comr. of Social Services, 37 A D 2d 630; Matter of Bates v. Wyman, 36 A D 2d 854; Matter of Hatfield v. Lavine, 42 A D 2d 855; Matter of Thomas v. Sipprell, 69 Misc 2d 87; Baumes v. Lavine, 74 Misc 2d 1046; Nichols v. Lavine, 75 Misc 2d 77, affd. 43 A D 2d 664; Matter of Lorenzo v. Sipprell, 68 Misc 2d 387; Matter of Ross v. Sipprell, 71 Misc 2d 677; Nicholson v. Schreck, 75 Misc 2d 676; Matter of Jones v. Berman, 75 Misc 2d 659; Watts v. Lavine, 75 Misc 2d 80). No reported decisions have held to the contrary.
Moreover, respondent county is bound by a consent judgment made on May 23, 1973 by Mr. Justice Life of this court in Matter of Walls v. Shuart (Index No. 1148/1973), which specifically details the county procedure for determining eligibility for emergency assistance, and the only criterion mentioned in the judgment is ‘ ‘ destitution ”. No mention whatever is made of eligibility being dependent upon “ fire, flood or other catastrophe ”. Indeed, the county nowhere demonstrates here any compliance with the detailed procedures set forth in the judgment for investigation and assessment of destitution.
And yet, despite these uniform holdings concerning emergency assistance, the county persists in what can by now be described as a patently incorrect interpretation which borders upon disrespect, if not disobedience, of the clear mandate of the statutes and courts of this State. The waste of litigation resources and human suffering flowing from this agential intransigence are inexcusable. In this limited proceeding, as so many other courts have done, this court can and does strike the defense asserting such a limitation of emergency assistance circumstances and remand to the respondents the Knudsens’ request for an emergency clothing grant to be evaluated in accordance with the prescribed statutory criteria. (See D. A. Diamond, Welfare Law, 24 Syracuse L. Rev. 203, 234 [1973].) Respondent county shall -make a determination of the emergency assistance warranted within 10 days of being served with -a copy of the judgment to be entered herein.
Further, the court believes there is presented a serious question concerning the county’s compliance -with prior class action directives, stipulations and rules of law -established by repeated holdings in this jurisdiction. Accordingly, the court, in exercise of its residual discretionary powers, directs the Commissioner of the Nassau County Department of Social Services, personally, to appear before this court at 10:00 a.m. on the *405 fifth working day after service upon him of the judgment to be entered herein, to explain the department’s unexplained but continued policy of emergency assistance limitation to circumstances of flood, fire or such other catastrophe. The attorneys for the parties to this proceeding are also directed to be present, and they shall notify the court of the date of judgment service upon the commissioner, immediately upon its effectuation, so that the matter can be properly calendared.
(2) Reduction by $92.70 in the family Aid to Dependent Children grant for December, 1973 without proper notice and opportunity to be heard.
The reduction of the Knudsens’ December, 1973 grant was made to recoup a portion of the November grant claimed to have been .unwarranted because a completed medical form was not duly submitted. A handwritten note from an 1 ‘ Income Maintenance ” worker notified the Knudsens in November of the proposed reduction. It failed to provide any of the requisites that must precede a reduction, to wit, written notice of a right to a fair hearing with possible aid continuation pending its determination, and a pre-reduction conference, and provision of an appropriate information pamphlet. (18 NYCRR 358.3, 358.8, 355.3 [b]; cf. Goldberg v. Kelly, 397 U. S. 254 [1970].)
There is, of course, a vital issue to be determined ip advance of effective reduction here, and that is whether sufficient excess funds, or a decrease in need, exists to permit recoupment without jeopardizing provision for continuing needs. (See Matter of Nasser v. Lavine, 76 Misc 2d 46; Matter of Muniz v. Lavine, 75 Misc 2d 426; 18 NYCRR 352.31 [d]; Hagans v. Wyman, 471 F. 2d 347, cert, granted 412 U. S. 938.)
Accordingly, the failure to notify properly in accordance with State regulations was not a harmless error, but abridged a fundamental right of petitioners. (Rodriguez v. Russo, 67 Misc 2d 537.) The reduction of the December, 1973 grant is annulled and respondent county is directed to issue the balance of the proper grant, $92.70, within 10 days of being served with a copy of the judgment to be entered herein, without prejudice . to any further proceedings conducted in accordance with applicable rules to effectuate the now-nullified recoupment.
(3) Denial of assistance in January, 1974 to Mr. Knudsen who, as a prior recipient of Aid to the Disabled, was to receive a supplemental security income grant from the Social Security Administration, under a new Federal takeover of such assistance, but did not, because of the department’s failure to transfer his name to the Federal agency.
*406 Mr. Knudsen received a separate Aid to the Disabled grant in December, 1973, and is a member of the class entitled to receive emergency assistance from the county under this court’s interim orders and direction in Fuller v. Nassau County Dept. of Social Servs. (77 Misc 2d 677).
The court holds as well that the emergency circumstance created by the several determinations raised warrants a direct judicial resolution without first relegating petitioners to their fair hearing remedies. (Matter of Borders v. Nassau County Dept. of Social Servs., 34 A D 2d 805.)
Judgment is therefore granted in favor of petitioners pursuant to article 78 of the CPLR and relief shall be directed in accordance with the above rulings.