Paul J. Yesawich, Jr., J.
Pursuant to article 78 and CPLR 1005, this application challenges certain policies of respondents which compel a recipient of public assistance under the Aid to Families with Dependent Children program (AFDC) to turn over to respondents any State and Federal income tax refunds they receive or be faced with a reduction of their public assistance grants in an amount equal to the amount of any such refund.
Each petitioner was a recipient of public assistance and also a wage earner for part of 1972. To determine the amount of public assistance each recipient was entitled to respondents necessarily had to estimate the amount of taxes to be withheld from the recipients’ pay checks. In each instance respondent Smythe calculated the amount of income tax to be withheld on the basis of the petitioner’s actual family size.
In calculating petitioner Richard’s budget respondent allowed no deductions for Federal or State income taxes to be withheld because the applicable tax tables showed that based on the petitioner’s family size no sum should be withheld. In calculating petitioner Lyman’s budget respondent arrived at her budget as though she were taking two deductions, one for herself and one for her dependent child.
The respective employers of the petitioners withheld from each of the petitioners’ pay, for income tax purposes, as if each of them had one exemption. Thus each petitioner was actually claiming less exemptions than had been budgeted for by the Broome County Department of Social Services. As a result of this use of a different number of exemptions by these parties petitioners received less income from their employment than respondents had budgeted for. This differential was not included in respondents ’ calculations in arriving at the amount of the recipients’ public assistance grants.
In 1973 these recipients received income tax refunds. The respondents claimed the whole amount to be a resource which had to be utilized to reduce the amount of the petitioners’ public assistance grants. Petitioners contend, on behalf of themselves and all others similarly situated, that this policy violates the requirement that the income and resources of a recipient of public assistance be reasonably evaluated (18 NYCRR 352.16.) Tn addition, they contend that Federal law does not allow respondents to consider income tax refunds at all. _
_ On December 6, 1973, Administrative Letter 73 PWD-200 which, inter alia, sets forth procedures for handling income tax refunds was promulgated. Since this letter corrects only part *803 of the policies questioned here this proceeding is not moot. Furthermore, “ there is ample authority that a matter, although settled as between the parties, will not be considered academic when the underlying questions are of general interest, substantial public importance and likely to arise with frequency ”. (Matter of Gold v. Lomenzo, 29 N Y 2d 468, 475-476; Matter of Cisco v. Lavine, 72 Misc 2d 1009, mod. upon rearg. 72 Misc 2d 1087.)
While the issue of whether petitioners have the right to bring a class action is a troublesome one (see Moore v. Metropolitan Life Ins. Co., 33 N Y 2d 304, 313), class relief has been afforded in cases where public assistance recipients have contested uniformly applied policies which adversely affected their interests in the same way. (See Young v. Shuart, 67 Misc 2d 689, mod. 39 A D 2d 724; Matter of Martin v. Lavine, 76 Misc 2d 199; Norton v. Lavine, 74 Misc 2d 590; Baumes v. Lavine, 74 Misc 2d 1046, revd. on other grounds 44 A D 2d 336; Matter of Cisco v. Lavine, supra; Shearer v. Lavine, N. Y. L. J., July 31, 1973, p. 13, col. 1.)
The policy of applying income tax refunds to reduce grants is a common wrong remediable by class action. However, that part of the petition which seeks reimbursement for all members of the class is directed at curing separate wrongs, committed by similar means to separate persons, and therefore is not properly a part of this class action (Gaynor v. Rockefeller, 15 N Y 2d 120, 129-130; Kovarsky v. Brooklyn Union Gas Co., 279 N. Y. 304.)
Respondents’ prior policy of recouping a recipient’s income tax refund in spite of the fact that part or all of that refund represented money which had not been budgeted as an expense in the year of employment violated 18 NYCRR 352.16. This policy, which considered money as available when it was not and then attempted to recover the sum when it became available in the form of a tax refund, penalized recipients in both instances. The procedure outlined in Administrative Letter 73 PWD-200 remedies this situation.
Petitioners additionally contend that respondents may not consider any income tax refund even if it represents money previously budgeted as an expense, for tax refunds are not available on a regular basis (Code of Fed. Reg., tit. 45, § 233.20, subd. [a], par. [3], cl. [ii], subcl. [c]).
The phrase “ available * * * for current use on a regular basis ” as contained in the Federal regulations has been interpreted so as to exclude from consideration resources or income which are merely assumed to be available to the needy *804 individual (King v. Smith, 392 U. S. 309, 319). This regulation is not violated by considering income tax refunds because these refunds are not considered by respondents until the recipients actually receive the refund.
The authorities relied upon by petitioners are inapposite. In Matter of Muniz v. Lavine (75 Misc 2d 426), the petitioner did not have the moneys available at the time recoupment was sought. County of Alameda v. Carleson (5 Cal. 3d 730) is also distinguishable, for California differentiates between nonrecurring lump-sum payments which are personalty up to a $600 maximum and recurring payments which are income, a distinction which New York does not use.
While petitioners contend that even if tax refunds are available the amount of the refund should be treated as income and be prorated on a monthly basis (18 NYCRR 352.17 [a]) respondents view a tax refund as a resource which is neither subject to income disregard provisions (U. S. Code, tit. 42, § 602, subd. [a], par. [A], cl. [ii]; 18 NYCRR 352.17 [b] [1] [i], and 18 NYCRR 352.20 [b] [2]) nor proration. Since income tax refunds are no more than earned income which was deferred in anticipation of tax liability they are properly classified as income.. As such they fall within 18 NYCRR 352.17 (a) which requires that lump-sum payments for services rendered over a period of more than one month be prorated on a monthly basis with appropriate exclusions.
Petitioners’ allegation that respondents employ a policy which requires estimation of Federal and State income withholding on actual family size without regard to whether a recipient will be lawfully entitled to claim all members of the family as a tax exemption is denied by respondents. This issue, therefore, cannot be determined without a hearing.
Petitioners’ contention that respondents must allow public assistance recipients to use estimated tax withholdings as a savings device is unacceptable. Title 42 of the United States Code (§ 602, subd. [a], par. [7]) requires a State agency to consider any expenses reasonably attributable to the production of income. To the extent that a recipient claims the proper number of exemptions the amount withheld for tax purposes is a work-related expense. However, if a recipient allows over-withholding the excess withheld is not a work-related expense but rather a self-inflicted savings device. Respondents are not obligated to recognize or allow the use of tax withholding as a savings device.
*805 Eespondent Smythe’s application for leave to amend Ms answer is denied. Inasmuch as respondent Smythe has already contested the issue of whether this is a proper class action and the court has concluded it is but that class reimbursement is improper, an amendment for the purpose of asserting Statutes of Limitation as to unknown class members and to contest the class is no longer necessary.
A hearing shall be held at a mutually convenient time and date on the issue of whether respondents have a policy which mandates calculation of income tax withholding based on actual family size and without regard to a recipient’s legal ability to claim all members of the family unit as exemptions.