Bertram Harnett, J.
Claretha Robinson and her nine children receive public assistance in the aid to dependent children category. When they moved from an apartment to their current 10-room house, they took most of her furniture with them, but left behind three five-year-old beds which were unusable according to Ms. Robinson. She wants money to replace these beds which she voluntarily abandoned. It seems that now the family shares two double beds and four single beds.
Ms. Robinson requested a special grant from the Nassau County Department of Social Services to buy the additional beds, but was turned down. She then appealed to the New York State Department of Social Services, and, after a fair hearing, her request was again denied. Now the question before the court in this CPLR article 78 proceeding is whether these official actions were in violation of law.
The Department of Social Services is obligated to provide essential furniture for two classes of clients: those who are establishing a household, and those whose household furniture has been destroyed as a result of "fire, flood or other like catastrophe.” (Social Services Law, § 131-a, subd 6, pars [a], [b]; 18 NYCRR 352.7 [a] [2] [d].)
In this instance, the Robinsons were not establishing a household in the sense of the law. Establishing a household in this context implies acquiring furnishings where no household existed beforehand. (Matter of Davis v Lavine, 76 Misc 2d 984.) When the Robinsons moved, they had a household and *1049 they were not without furniture. They had furniture, but they chose to abandon some of it.
Nor were the Robinsons’ beds destroyed by "fire, flood or other like catastrophe.” The phrase "other like catastrophe” has been strictly construed as it appears in the statute and regulation concerning replacement of furniture. (Matter of Howard v Wyman, 28 NY2d 434.) Beds wearing out over a period of five years does not appear to fall within the classification of catastrophic occurrences.
Thus, neither of the statutory means devised to provide needy families with furniture mandates the department to assist the Robinsons.
In general, the department is also required to provide emergency assistance to needy families with children whenever necessary to avoid destitution. (Social Services Law, § 350-j.) Emergency need for furniture is not limited to instances of establishing a household or of loss due to catastrophe, department regulations (18 NYCRR 372.2 [b]; 352.7) notwithstanding. (Matter of Knudsen v Nassau County Dept. of Social Servs., 77 Misc 2d 402.) But, does such an emergency situation exist here?
Furniture wearing out does not create an emergency situation as contemplated by the statute. Rather, a more sudden and unexpected occurrence is required. The everyday needs of running a household must be met from the money regularly allotted each Department of Social Services’ client. The system of flat grants to public assistance recipients rests on the assumption that some money will be budgeted for replacement of clothing and furniture that wears out and not requested as supplementary assistance. (Matter of Baumes v Lavine, 44 AD2d 336.)
The society, the government, the people have seen fit to maintain needy families at a prescribed level. The term "emergency assistance” cannot be turned into a password to an unlimited treasury. Hard though the decisions may be, the authorities must gauge the level beyond which society does not intend to go in providing assistance. Here, it cannot be said that the Social Services Department acted arbitrarily, capriciously, or in violation of the law.
Accordingly, this article 78 proceeding is dismissed on its merits.