Daniel G. Albert, J.
In this proceeding pursuant to article 78 of the CPLR, petitioner seeks a judgment declaring that respondent “ is estopped to deny that petitioner’s housing needs are $187 a month for so long as petitioner remains contractually liable to pay such rental by the terms of a lease authorized and approved ” by a representative of the respondent.
The undisputed facts depict what is believed to be an unusual situation. The petitioner is a recipient of public assistance. She is a widow with two children, one of whom is a 13-year-old girl suffering from cerebral palsy, who can only be transported by use of a wheel chair.
In December, 1968, when the maximum shelter allowance for a family of three under the schedule of the Department of Social Services was $140 a month, the Department of Social Services approved a grant of $187 a month to petitioner for shelter needs, so that petitioner could rent the apartment she currently resides in. The apartment is accessible from a ramp-type entrance which makes it possible for petitioner to wheel her daughter in and out of her home.
At the time she rented the apartment, petitioner admittedly advised her caseworker that the landlord required her to sign a one-year lease fixing the rent at $187 a month. Petitioner was advised to sign the lease, which she did, and the Department of Social Services paid petitioner the first month’s rent and the amount of the security deposit required under the lease.
The department continued to pay the rental through June, 1969. In July, 1969, the maximum allowable shelter allowance for a family of three was raised to $145 a month. However, in June of this year, petitioner was advised by the Department of Social Services that effective July 1,1969, it would no longer pay any rental in excess of the scheduled maximum rent and, therefore, the amount of petitioner’s monthly grant would be reduced by $42. Petitioner’s grants for July, August and September of this year have been reduced in that amount.
While conceding substantially all of the material facts as alleged in the petition, the respondent contends that, as the result of amendments to subdivision 1 of section 131-a of the Social Services Law and the regulations of the State Department of Social Services promulgated pursuant thereto, he no longer has any discretion to approve or budget shelter allowances in excess of the rent allowance schedule. The regulations formerly provided that “ Rent shall be allowed ‘ as paid ’ up to the maximum of [the] schedule [filed by the local public welfare agency with the State Department] ” (18 NYCRR, former section 352.4 [e] [1]) (emphasis added). The present regulations state (18 *33 NYCRR 352.4 [a] [6] [i]) that “An allowance for rent shall be made in the amount actually paid by the recipient but not in excess of the appropriate maximum of [the] schedule” (emphasis added).
It is somewhat difficult to see how the change in the portion of the regulations italicized by the court has the effect that respondent attributes to it. Nevertheless, without determining whether respondent does, in fact, retain discretion to provide allowances for rentals in excess of the scheduled amounts where there are special circumstances, it seems to the court that since respondent exercised such discretion at the time petitioner executed the lease involved herein and authorized her to do so on the basis that the Department of Social Services would grant her a sufficient shelter allowance to meet her obligations under the lease, the respondent is not required by the new regulations referred to supra to effect an immediate reduction in petitioner’s grant and may not reduce the amount of that grant while petitioner remains obligated under the lease.
Nor does it appear to the court that this proceeding is premature on the ground that petitioner has failed to exhaust her administrative remedies. In view of the special circumstances herein, were petitioner to seek administrative relief successfully, her “victory” might be meaningless since an administrative hearing and determination could never be accomplished quickly enough to prevent eviction proceedings which are currently pending.
Accordingly, judgment will be granted directing the respondent to pay petitioner the additional $42 a month for shelter needs effective July 1, 1969 until the termination of the lease signed by petitioner.