Jambs H. Boomeb, J.
Subdivision (a) of section 352.3 of the Regulations of the Department of Social Services (18 NYCRR 352.3[a]) provides: “ Each .social services district shall establish a monthly allowance schedule for rent based on the number of rooms * ** * An allowance for rent shall be made in the amount actually paid by the recipient but not in excess of the appropriate maximum of such schedule.” Subdivision (c) of this regulation (18 NYCRR 352.3 [c]) provides: “ For children or adults in receipt of public assistance residing in the home of a self-maintaining nonlegally responsible relative or friend, the allowance for rent and/or shelter costs shall be computed on a prorated basis.” The petitioner in this article 78 proceeding to review a determination of the Commissioner of Social Services contends that the Commissioner has erroneously interpreted subdivision (e).
Subdivision (c) is ambiguous. It tells us that, for recipients of public assitance residing in a home of a relative or friend, 11 the allowance for rent * * * shall be computed on a prorated basis.” “ Prorate ” means “to divide, assess or distribute proportionately” (Webster’s New Twentieth Century Dictionary [2d ed.]). Nowhere in the regulations are we told how the proportion is to be determined or what amount is to be proportionately divided. It has been assumed by both parties that the division is to be made in such proportion as the number of persons receiving public assistance bears to the total number of persons occupying the home. I accept that interpretation. But what amount do we divide or proportion? Certainly it was not meant that the amount paid by the recipient is to be proportioned, since here the recipient only pays a proportion of the total rent for the home. Do we proportion the total amount of the rent paid on the jointly occupied home, do we proportion the amount shown on the monthly allowance schedule established by the social services district, or do we proportion both amounts and allot to the recipient the lesser of the two proportionate sums?
The Commissioner, presumably, would have us proportion both the total rent paid for the home as well as the scheduled amount and pay to the recipient the lesser of the two proportionate amounts. Were this a question of first impression, I might *108 affirm the decision of the Commissioner on the ground that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 129; Matter of Mulligan v. Murphy, 14 N Y 2d 223, 226). But the question has been decided in the case of Matter of Morning v. Wyman (39 A D 2d 645). There, the Supreme Court, Nassau County, determined that the schedule established by the local district is “ a ceiling on the allowance otherwise payable ’ ’, and that the district, in prorating the shelter allowance, must make its computations without regard to the schedule and must then pay to the recipient the amount so computed provided the amount does not exceed the scheduled maximum. The Appellate Division, Second Department, affirmed without opinion. After the Morning decision, the Commissioner of Social Services amended another subdivision of the regulaitons to make it clear that the rental allowance, for recipients living with relatives or friends in public housing facilities, shall be a pro rata share of the established “ rent schedule ”. (18 NYCRR 352.3[e].) Although the Commissioner had the opportunity to make a similar amendment to subdivision (c) of that section to overrule the effect of the Morning decision, he did not do so. By permitting the ambiguity to remain in subdivision (c), while clarifying the ambiguity of the same nature in subdivision (e), he has thus acquiesced in the determination made in the 'Morning case and has given subdivision (c) a practical construction following the interpretation made in that case.
The ¡ determination of the Commissioner is reversed and the matter is remanded to the Commissioner for disposition in accordance with this opinion.