John H. Doerr, J.
In this proceeding pursuant to CPLR article 78 petitioner seeks to reverse an affirmance by respondent after a fair hearing which sustained a determination by the Orleans County Department of Social Services (Agency) relative to a dispute involving the prorata rental allowance to be paid to her as part of her monthly grant.
Petitioner, a 59-year-old widow, is a recipient of assistance in the category of Aid to the Disabled (AD). She resides in an unfurnished, privately owned, nine-room home with her daughter and granddaughter, and they receive assistance under the category of Aid to Dependent Children (ADC).
The rental for these premises is $100 per month, with petitioner being responsible for one half thereof, and the entire household is on what is known as a co-operative budget (18 NYCRR 352.2 [e] [1]; 18 NYCRR 352.32 [e]).
Although, as pointed out, the actual rental is $100 per month, the Agency maximum rental schedule for the property is $80 per month. Consequently, petitioner receives one third of the $80 figure from the Agency, which amounts to $26.66 per month, and her contention is that she is entitled to receive one third of the actual rental paid of $100 per month, which would amount to $33.33.
When the Agency rejected her position in this regard she requested and received a fair hearing on that issue. Respondent affirmed the Agency position of prorating the shelter allowance based on the scheduled maximum rent, which petitioner now attacks as being arbitrary, capricious and contrary to law.
The maximum rental allowance of $80 per month for this household is fixed by the rent schedule filed by the Agency *878 with the State Department of Social Services (18 NYCRR 352.3 [a]). That section also states “ An allowance for rent shall be made in the amount actually paid by the recipient but not in excess of the appropriate maximum of such schedule.”
In the instance of co-operative budgets as we have here, a shared shelter allowance is to be prorated (18 NYCRR 352.32 [e] [1] [2]).
When a person receiving public assistance resides with a self-maintaining, nonlegally responsible relative or friend, the rental allowance is to be computed on a prorated basis (18 NYCRR 352.3 [c]).
Although that particular regulation is not involved here, the ambiguity presented for resolution is analogous, and has been resolved in a manner contrary to respondent. “ The Commissioner, presumably, would have us proportion both the total rent paid for the home as well as the scheduled amount and pay to the recipient the lesser of the two proportionate amounts. Were this a question of first impression, I might affirm the decision of the Commissioner on the ground that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 129; Matter of Mulligan v. Murphy, 14 N Y 2d 223, 226). But the question has been decided in the case of Matter of Morning v. Wyman (39 A D 2d 645). There, the Supreme Court, Nassau County, determined that the schedule established by the local district is ‘ a ceiling on the allowance otherwise payable ’, and that the district, in prorating the shelter allowance, must make its computations without regard to the schedule and must then pay to the recipient the amount so computed provided the amount does not exceed the scheduled maximum ” (Noto v. Lavine, 71 Misc 2d 106, 107-108).
I find that language to be persuasive, and hold that the appropriate schedule maximum is in fact a ceiling. That being so, the rental allowance for petitioner shall be made and prorated by the Agency based upon the amount actually paid by her for rent since that amount is well below the ceiling imposed (18 NYCRR 352.3 [a]).
The determination by respondent is reversed as being arbitrary and capricious, and petitioner is entitled to a monthly rental allowance of $33.33 based upon her present rent, from the time of the erroneous shelter allowance computation by the Agency.
The matter is remanded to respondent for disposition in accordance herewith.