■   In the Matter of THELMA MACGAFFICK, Respondent, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, Appellant.— Judgment reversed, without costs, and determination of Commissioner confirmed. Memorandum: The issue herein is whether the Commissioner had the right to reduce petitioner's public assistance rental allowance, authorized by the regulations for payment to one on aid to the aged, blind and disabled in Orleans County, to an amount equal to that authorized for a person with whom she lives who is on a different and lesser category of public assistance, to wit, her daughter and infant son who were receiving assistance under aid to depen-

dent children. The two pertinent regulations are 18 NYCRR 352.3 (a) and 18 NYCRR 352.32 (e) ,(1) (2). The former provides that a public assistance rental allowance schedule shall be established in each social services district of the State, and rental allowances shall be "in the amount actually paid by the recipient but not in excess of the appropriate maximum of such schedule". The latter provides that with respect to "cooperative cases, i.e., two or more categories of public assistance in the household", "the basic monthly allowance and shelter, shall be prorated". The Commissioner has interpreted these rules to mean that persons sharing a rental facility, even though they be entitled under their respective public assistance categories to different rental allowances, shall be granted proportionately equal rental allowances. The result is that each is granted only the amount allowed to the member of the household entitled to the lowest maximum rental allowance. The Commissioner's rationale is that all members of the "family" (household) should be treated equally and since he cannot make a larger rental allowance to a person in a lower category than that permitted by the regulations, the person in a higher category choosing to live in the same household must accept a rental allowance equal to the maximum which can be allowed to the person in the lowest category in the household. The interpretation by the Commissioner of these regulations, if reasonably based, is conclusive on the court (*Matter of Howard* v. *Wyman*, 28 N Y 2d 434, 438). Although possibly the Commissioner could have reached a different result, we find that there is a reasonable basis for his interpretation of the regulations. The cases relied upon by petitioner and Special Term (*Matter of Noto* v. *Lavine*, 71 Misc. 2d 106, which leans heavily on *Matter of Morning* v. *Wyman*, 39 A D 2d 645, affg. without opn. an unreported decision) each involved a public assistance recipient who was living with persons not receiving public assistance (see 18 NYCRR 352.3 .[c]), and they were not rent cases but involved the sharing of carrying charges in lieu of rent (18 NYCRR 352.4 [b]; and see *Matter of Battle* v. *Lavine*, 44 A D 2d 307). Regardless of the correctness of those decisions they do not detract from the right of the Commissioner, in his discretion, to make the policy decision to which he has long adhered in this and similar cases (see *Matter of Padilla* v. *Wyman*, 34 N Y 2d 36). All concur; Goldman, J., dissents and votes to affirm the judgment. (Appeal from judgment of Erie Special Term in article 78 proceeding for rental allowance.) Present — Witmer, J. P., Cardamone, Simons, Mahoney and Goldman, JJ. [76 Misc 2d 877.]