*369 OPINION OF THE COURT
Leon D. Lazer, J.
Petitioner in this article 78 proceeding, which has been referred to this court by Mr. Justice Lipetz, is a recipient of public assistance in the home relief category. She seeks a judgment declaring that the denial of her request for a shelter allowance in the sum of $190 per month by the respondent Commissioner of Social Services of Suffolk County (the "commissioner”) was unlawful and directing that he grant her request. The respondent has interposed three objections in point of law in his answer: (1) that petitioner has not exhausted her administrative remedies; (2) that no emergency situation exists which would excuse her from doing so; and (3) that if such a situation does exist emergency assistance may be available. Petitioner asserts that she will suffer irreparable injury if she is compelled to seek a fair hearing or even emergency assistance since her rent is due and she may be evicted. Petitioner formerly resided with her mother and received $94 per month for her regular monthly needs and $29.20 for the payment of a portion of the taxes, insurance and utilities on her mother’s home. When her mother closed her home petitioner moved alone to a two-room furnished apartment where the rental is $190 per month and includes utilities.
The commissioner’s stated reasons for denying her request were that the shelter cost was (1) "over standard for your size family”; and (2) exceeded the "limits imposed by N.Y. State maximum monthly increase.” A handwritten note on the bottom of the form which denied her request states that she would be permitted a grant of $150.
The maximum monthly rental allowance for accomodations with heat as established in the regulations of the State Department of Social Services for one person in Suffolk County is $205 (18 NYCRR 352.3 [a]) and thus the commissioner was in error when he determined that the shelter allowance requested by petitioner was "over standard for your size family.” The regulations (18 NYCRR 352.3 [a] [1]) provide that "Each social services district shall provide * * * a monthly allowance for rent in the amount actually paid, but not in excess of the appropriate maximum” (emphasis supplied).
The second reason stated by the commissioner for his denial of petitioner’s request is equally without merit. The "maxi *370 mum monthly increase” referred to is that provided for in subdivision 3-a of section 131-a of the Social Services Law (L 1977, ch 77) which provides as follows: "No individual or household shall be granted any increase in monthly shelter allowance during the period commencing April first, nineteen hundred seventy-seven and ending March thirty-first, nineteen hundred seventy-eight, which in the aggregate exceeds the following for each size household:
1 2 3 4 5 6 For each additional person
$7 $8 $9 $10 $11 $12 $1
provided, however, no grant, including such increases, shall exceed the maximum shelter allowances established by department regulation pursuant to subdivision two of this section. Any person or household first receiving a shelter allowance for any period after June thirtieth, nineteen hundred seventy-seven, shall be granted a shelter allowance in the amount of rent actually paid up to the maximum shelter allowance, provided that such allowance may be increased by an amount which, together with any rent increases charged to such person or household in the three month period immediately prior to the period for which the first shelter allowance is received, does not exceed the above schedule. Any person who does not receive a shelter allowance for a period of ninety days or less shall, for purposes of this subdivision, be deemed to have been in continuous receipt of a shelter allowance.”
 The issue here is whether the permitted $7 maximum increase in the shelter allowance for one person is applicable to a situation where the prior shelter allowance consisted of the prorated allowance granted to public assistance recipients sharing a home with "a non-legally-responsible person” (18 NYCRR 352.3 [c]) and the request is for rent for separate accommodations. The cited regulation does not provide for the payment of rent but for the sharing of carrying charges in lieu of rent (Matter of MacGaffick v Lavine, 45 AD2d 928). The new statute (Social Services Law, § 131-a, subd 3-a) provides that "[a]ny person or household first receiving a shelter allowance for any period after June thirtieth, nineteen hundred seventy-seven, shall be granted a shelter allowance in the amount of rent actually paid up to the maximum shelter allowance” (emphasis supplied). Although petitioner as a "person” received a shelter allowance, the "household” that petitioner has been forced to establish by virtue of the closing of her mother’s home is one that did not exist before (cf. Matter
*371 of Robinson v Lavine, 81 Misc 2d 1047, affd 50 AD2d 858). Since one person can constitute a "household” under the statute, the use of the disjunctive in the statute would create a mere redundancy unless the legislative intent was to apply the exception to the maximum increase provision to either a person who first receives a shelter allowanace after June 30 or to a newly created household. Moreover, petitioner is now requesting rent for the first time rather than merely an increase in payments for sharing the carrying charges on shared accommodations. The maximum increase provisions in subdivision 3-a of section 131-a must be deemed inapplicable to such a situation. The respondent commissioner himself conceded that subdivision 3-a of section 131-a is inapplicable when he noted on the application form that petitioner could receive a shelter allowance in the sum of $150 (rather than $36.20, the $29.20 shelter allowance petitioner formerly received plus the $7 increase permitted under the new statute). Where a shelter allowance is first granted to a person or household, the statute mandates that it be in the amount of the rent actually paid up to the maximum permitted under the schedule.
 The proceedings are not premature on the ground that petitioner has failed to exhaust her administrative remedies. In view of the fact that her rent was due on the first of the month and that she faces possible eviction, her success in an administrative proceeding might be meaningless (Matter of Wildstein v Barbaro, 61 Misc 2d 31; see Matter of Veit v Barbaro, 59 Misc 2d 117). It is an unnecessary hardship to force the poor and needy to institute administrative proceedings to obtain what they are entitled to under the statute (see Lutsky v Shuart, 74 Misc 2d 436, affd 43 AD2d 1016).
Petitioner is entitled to a declaration that the denial of her request for a shelter allowance was unlawful and to an order directing the respondent to grant her request for a shelter allowance in the sum of $190 per month.