Leo Brown, J.
This is an article 78 proceeding to direct respondent to order an issuance of funds to obtain the release of petitioner’s furniture from storage.
Petitioner, a recipient of public assistance, was evicted from her apartment located on Crocheron Avenue in Queens County *142 in June, 1971. Petitioner states that she was told by her caseworker to place the contents of the apartment in storage, which she did on June 22,1971. Apparently petitioner secured temporary furnished housing in this county which she occupied with her four children until October 1,1971, when she moved to a new residence in Nassau County. In late September, petitioner allegedly applied to the City Department of Social Services for the necessary funds to release her furniture from storage. That request was refused. The Nassau County Department of Social Services apparently has also refused to provide the funds, taking the position that the responsibility is solely that of the city agency.
Respondent asserts in its answer (1) that petitioner has failed to exhaust her administrative remedies; (2) that the Nassau County Department of Social Services is solely responsible since petitioner never informed respondent of her move and, further, since she has resided there for more than 60 days; (3) that petitioner was never directed to store her furniture nor did she request the funds for its release in September, 1971, and (4) that in no event can the respondent’s liability exceed the cost of the first 60 days of storage.
It has been consistently held that petitioner need not exhaust administrative remedies where, in the interim grave harm could befall her and her family as a result of the emergency situation which existed. (See Matter of Borders v. Nassau County Dept. of Social Servs., 34 A D 2d 805.) The emergency and the futility of requesting a hearing and awaiting a decision are manifest in the instant case since the petitioner finds herself being faced with the imminent sale of her furniture to satisfy the warehouseman’s lien while she and her four children sleep on the floor of their unfurnished residence. Thus, the court will proceed to the merits of the application. ‘ ‘ An allowance for storage of furniture and personal belongings shall be made for a period not in excess of 60 days, when it is essential, under such circumstances as period of relocation, eviction etc., so long as eligibility for public assistance continues.” (18 NYCRR 352.6[c].) Respondent’s contention that the regulation is applicable only to instances where respondent has formally directed the storage of furniture would appear to be inconsistent with the intendment of the section. Carried to its logical conclusion, respondent could simply refuse or ignore any request under such circumstances and leave the recipient the choice of attempting to pay the costs without assistance or leave the furniture on the *143 street. It is certain that the call to the caseworker may not always heat the Marshal’s knock at the door.
Respondent’s attempt to shift the responsibility to the Nassau County Department of Social Services must also fail since, having initially committed the city welfare district’s funds to the payment of the storage fees, it remains liable even though a change of residence is effected. (Cf. Matter of Reyes v. Goldberg, N. Y. L. J., Sept. 14, 1970, p. 2, col. 6.)
At this juncture, it is not necessary to decide whether the regulation limiting respondent’s liability for a 60-day period is proper since the petitioner, having been rendered destitute by respondent’s action, would appear to be entitled to emergency assistance, under both the appropriate statutes and the thrust of the case law. (Social Services Law, § 350-j; 18 NYCRR 372.4; Code of Fed. Reg., tit. 45, ch. II, § 233.120; Matter of Nazario v. New York City Comr. of Social Services, 37 A D 2d 630; Matter of Bates v. Wyman, 36 A D 2d 854; see, also, Matter of Howard v. Wyman, 28 N Y 2d 434.)
Accordingly, the application is granted. In the judgment to be settled hereon, the exact amount of the storage fee, as well as the name and address of the storage company, shall be stated and, further, the judgment shall contain a direction that respondent shall pay the storage fee directly to the named company within five days after entry.