John L. Larkin, J.
Pursuant to an order to show cause this motion came on to be heard before this court and it seeks a judgment by way of CPLR article 78 requiring the respondent to provide the petitioner with moving expenses and bedroom furniture, pursuant to the Social Services Law of the State of New York.
*677 The petitioner, Mary Nicholson, lives in Albany with six minor children and her minor nephew and is currently the recipient of public assistance in the Aid to Dependent Children category, with her income consisting of a grant slightly in excess of $400 per month. At the time of the filing of the petition, she had a two-bedroom apartment for eight persons with furniture consisting of two beds and one couch. Obviously, this is grossly inadequate for sleeping eight persons. The petitioner had at the time of the filing of the petition, an agreement to move into new quarters which were more spacious and she sought from the respondent more furniture and moving expenses, in addition to the $400 that she was receiving per month for support.
The respondent contends that it can only provide assistance for the purchase „ of the necessary and essential furniture required for the establishment of a home. The respondent contends that the petitioner already has ‘1 established a home ’ ’ and, therefore, it cannot provide assistance. In essence, the respondent claims it can only provide replacement furniture where the petitioner suffered the loss of such furniture as the result of fire, flood, or other catastrophe (18 NYCRR 352.2 [a] [5]). The respondent further contends that the petitioner should first seek a “ fair hearing ”. With that contention, this court cannot agree. Any time there are seven minor children sleeping in two beds, it is an emergency within the meaning of the section. In the view of this court, this is clearly the case of a family in need of public assistance. Living under those conditions for children is an intolerable situation and is an emergency. Public assistance includes the providing of necessary and essential furniture required for the establishment of a home for persons in need of public assistance (18 NYCRR 352.7 [a]).
It must be pointed out, however, that at the return date of the order to show cause, the respondent agreed to investigate the matter immediately and did, in fact, provide beds. This court has held off the decision in this case pending the respondent’s actions in the matter. On December 13, 1972, eight single beds were brought to petitioner’s apartment by order of the respondent, but they were rejected, or at least some of them were rejected, because allegedly the apartment could not reasonably contain eight single beds. The persons who delivered the furniture did leave a new bed, two mattresses and box springs. The petitioner rejected some of the beds, but it is her position that she did not “ mean to be fussy by rejecting *678 some of the eight beds; she only wanted what would be sensible for her family and apartment ’ She has also received some dressers but claims she still needs another full bed and a set of bunk beds and another dresser and seeks an order of this court for delivery of those items, or in lieu of that, requests an order directing the Social Services Department to pay her $419. This court will not order the respondent to make a cash payment. The respondent is directed to investigate forthwith and consider what articles of furniture may be provided the petitioner to care for her present needs. Under the general mandate of State law to assist those unable to maintain themselves, this direction is made (see, also, Matter of Lorenzo v. Sipprell, 68 Misc 2d 387; Matter of Bates v. Wyman, 36 A D 2d 854).
The petitioner also seeks moving expenses. Apparently she received the help of some men to move and seeks expenses for them. This the court will not do. In each of us is the inborn responsibility to aid our fellow man, especially those less fortunate than we. This court commends and thanks those who were responsible for moving her and her sparce possessions and such acts of charity and brotherhood will not be demeaned by an order of this court requiring that they be paid $30 for their ■services.
This court will maintain jurisdiction of this case insofar as it relates to the instant proceeding. The petitioner is directed to submit a judgment in accordance with this decision.