Morrie Slifkin, J.
In an action brought pursuant to article 15 of the Real Property Actions and Proceedings Law to compel the determination of a claim to real property owned by the plaintiff and situate in the Town of Bedford, Westchester County, New York, plaintiff moves for summary judgment.
Prior to July 1, 1959, plaintiff’s husband owned the fee title to an approximate 100-acre single-parcel of land situate as aforesaid. On July 1, 1959, by deed containing certain covenants *677 and restrictions, plaintiff’s husband conveyed all of his property except 4.7 acres to Richard and Pamela Baron. Subsequently, plaintiff acquired title to the excepted 4.7-acre tract from her husband on October 27, 1960 subject to the “ easements, agreements, covenants and conditions ’ ’ contained in the July 1, 1959 deed to the Barons. The Barons thereafter conveyed their interest in and to their parcel to separate parties who, in turn, conveyed to some of the present defendants. (The other defendants named herein are mortgagees.)
Of the various covenants, conditions and restrictions said to bind and inure to the benefit of the successors in the title of Levy and the Barons respecting the 4.7-acre Levy parcel excepted from the 1959 conveyance, one is the subject of this action. By its terms, elaborately drawn in the deed, the grantor (Mr. Levy) gave the Barons an option of first refusal to purchase the excepted parcel for the sum of $45,000.
The sole legal question before the court is whether this option is presently valid in the light of all the circumstances submitted on the record. Plaintiff’s position is that the parties to the 1959 conveyance did not intend the option to survive successive conveyances which in effect broke up the Barons’ single tract into smaller parcels; that the option was created merely to protect the Barons or their whole parcel successors in title against undesirable encroachments or invasions to privacy which might result by the subsequent sale of the 4.7-acre Levy parcel to strangers. The defendants, Blue Ridge Construction Co., Gibson, Millertown Construction Co., and Allen, argue to the contrary — that they, as successors in title in their own right, may rely upon the option as binding the plaintiff to honor the 1959 deed commitments. In that sense, defendants regard the option as a covenant running with the land as distinguished from a personal covenant.
Perhaps the most noteworthy case pointing out the distinction between real and personal covenants is Neponsit Prop. Owners’ Assn. v. Emigrant Ind. Sav. Bank, (278 N. Y. 248). Speaking for an unanimous court, Judge Lehman reviewed the essential elements of real covenants as including these:
(1) it must touch or concern the land with which it runs;
(2) it must appear that the grantor and grantee intended the covenant to run with the land;
(3) it must appear that there is privity of estate between the party claiming the benefit and the party who rests under its burden.
It is, as Judge Lehman observed, a question of degree whether a particular covenant is sufficiently connected with the use of *678 the land to run therewith. 1 ‘ A covenant to perform * * * an affirmative act disconnected with the use of the land cannot ordinarily touch or concern the land in any substantial degree.” (Neponsit, supra, p. 258; and see, Ann. 118 A. L. R. 982; Ann. 25 ALR 3d 899.) The court admonishes us to avoid the exaltation of form over substance, and with these principles in mind, the option to purchase must be examined anew.
An option to purchase upon the right of first refusal is a valuable contract right and, of course, may be transferred or assigned by deed. In each case, the court must examine the instrument purporting to create this right so to uncover the intent of the parties. This effort at construction requires application of the entire purpose of the instrument to the particular phraseology under scrutiny.
It appears that the original grantees were concerned with their right to seclusion and privacy; that in order to insure their solitude against future encroachment, the balance of the original parcel retained by Mr. Levy was to be offered to the grantees prior to any third parties. Such procedure must have envisioned the continuance of an entity held under the grantees’ dominion and control. When the grantees sold off several parcels of their once single entity to separate parties — the present defendants — the rationale for seclusion and privacy ceased to be a controlling factor and destroyed any formidable argument for the construction now advanced by the defendants. The allegation of a technical right must defer to reality. Were the court to adopt the construction urged upon it — that the Levy covenant runs with the land — the question arises: Who shall have the right to enforce it? Originally intended for the benefit of a single owner holding some 95 acres of land, the present status reflects three separate owners, each claiming the option of first refusal. The statement of this problem provides the answer respecting the intention of the original parties to the conveyance. It is consonant only with the construction suggested above, to wit, that this was a personal covenant running only to the grantee named in the deed.
The court finds and determines that there is no issue present respecting the rule against restraint of alienation as was considered by Mr. Justice Marbach in Kowalsky v. Familia (71 Misc 2d 287) and that case is therefore not apposite' to the argument advanced by the plaintiff.
Accordingly, plaintiff is determined to be the owner of the Levy parcel free from all claims and restrictions imposed by the July 1,1959 deed to the Barons and contained in the October *679 27, 1960 deed to the plaintiff, only to the extent that these instruments grant an option of first refusal. Plaintiff is therefore free to sell the property on an open market undisturbed by option claimants.
The motion for summary judgment is granted.