In the Matter of ELEANOR BAUMES et al., Respondents, v. ABE LAVINE, as Commissioner of Social Services, et al., Appellants.

Third Department, May 9, 1974.

*Louis J. Lefkowitz, Attorney-General (Eileen A. Sullivan and Ruth Kessler Toch of counsel), for Abe Lavine, appellant.*

*Robert P. Roche, County Attorney,* for John Fahey, appellant.

*Paul Lichterman* for respondents.

REYNOLDS, J. This is an appeal from a judgment of the Supreme Court at Special Term, entered November 19, 1973 in Albany County, which granted petitioners' application, in a proceeding pursuant to article 78 of the CPLR, holding that the proceeding was a valid class action declaring the limitations of assistance contained in 18 NYCRR 372.2 (b) and (c) null and void and ordering appellant Fahey to process all requests to petitioners for all essential furniture pursuant to section 350-j of the Social Services Law.

Petitioners, all recipients of public assistance in the Federal category of Aid to Dependent Children, seek in this proceeding to secure emergency assistance for worn out furniture. The furniture here involved has worn out simply with the passage of time. Section 350-j of the Social Services Law requires assistance for emergency situations faced by the recipients of public assistance. It is clear that section 350-j was enacted to apply to sudden and unexplained emergency events (see N. Y. State Legis. Annual, 1968, p. 255; see, also, *Matter of*

*Bates* v. *Wyman,* 36 A D 2d 854; *Matter of Borders* v. *Nassau County Dept. of Social Servs.,* 34 A D 2d 805; *Matter of Ross* v. *Sipprell,* 71 Misc 2d 677, affd. 42 A D 2d 691), and not to remedy the anticipated demands created as the result of everyday life. It was not designed to replace furniture merely worn by normal use such as is the case here, but where emergency or catastrophe suddenly affects the family or individuals involved. To so hold would violate the concept of semimonthly flat grants to welfare recipients and inundate the Department of Social Services with requests for additional assistance to meet the everyday needs for which the vast population, also on fixed incomes, have learned to budget and expect.

We pass on no other issues raised on this appeal.

The judgment should be reversed, on the law and the facts, and the petition dismissed, without costs.

GREENBLOTT, J. (dissenting). We dissent and vote to affirm the judgment at Special Term. In the case of the petitioner Eleanor Baumes, it is alleged that her 13-year-old son does not have a bed of his own, but must share his mother's. In the case of petitioner Loretta Brown, it is charged that her 12-year-old son sleeps on the floor and that her 15-year-old son is also without his own bed. It is also alleged that in addition to these children, others similarly situated are being permanently injured in that they must share sleeping arrangements with their parents, who are often of the opposite sex. It is obvious that, on the basis of the record before us, the appellants are not meeting the essential needs of these children which policy is contrary to State and Federal laws.

Proceeding to the merits, it is our opinion that the clear mandate of section 350-j of the Social Services Law is applicable to these cases. Subdivision 3 of that section provides that emergency assistance to needy families with children shall be provided "when such assistance is necessary to avoid destitution or to provide them with living arrangements in a home". A child who lacks a bed and who must sleep on the floor is clearly "without living arrangements" and is "destitute". Furthermore, the statute does not require that the need for such living arrangements must arise out of a catastrophe. Even so, the lack of beds can be said to constitute a danger to the children's health and well-being so as to constitute an emergency. As Mr. Justice LARKIN recently stated: "Any time there are seven minor children sleeping in two beds, it is an emergency within the meaning of the section. In the view of this court, this is clearly the case of a family in need of public assistance. *Living*

*under those conditions for children is an intolerable situation and is an emergency.''* (*Nicholson* v. *Schreck,* 75 Misc 2d 676, 677; emphasis added.)

This view is consistent with this court's decision in *Domine* v. *Schreck* (44 A D 2d 98), in which it was held that the denial of emergency assistance to children was arbitrary and capricious. (See, also, *Matter of Nazario* v. *New York City Comr. of Social Servs.,* 37 A D 2d 630; *Matter of Bates* v. *Wyman,* 36 A D 2d 854.)

SWEENEY and MAIN, JJ., concur with REYNOLDS, J.; STALEY, JR., J. P., and GREENBLOTT, J., dissent and vote to affirm in an opinion by GREENBLOTT, J.

Judgment reversed, on the law and the facts, and petition dismissed, without costs.