Timothy J. Sullivan, J.
This is a proceeding brought by petitioners under CPLR article 78, wherein they seek the following rulings from this court:
1, That the two petitioners properly bring this proceeding as a class action;
2. Annulling the respondent’s determination that petitioner, Margarita Cruz, is not eligible for a special grant for furniture;
8. Annulling the respondent’s determination that petitioner, Ada Lesane, is not eligible for a special grant for furniture;
4„ Declaring respondent to be under a duty to evaluate applications for furniture according to Social Services.Law (§ 131-a, irAd. 8, par. .[b]; § 350-j);
5. Declaring the respondent to be under a duty to investigate into the facts and circumstances of the need of an applicant for necessary and essential furniture;
6. Declaring that when the respondent rejects an application for a special grant for the purchase of furniture that respondent is under a duty to notify the applicant in writing of the reasons for such denial and also advise the applicant of the right to an immediate and expedited hearing to contest respondent’s determination;
*230 7. Enjoining the respondent from denying any application, for a special grant for the purchase of furniture unless respond-an! notifies the applicant in writing as to reasons for the denial and further advising the applicant of the right to an immediate hearing to contest such denial;
8. Allowing petitioners to proceed as poor persons.
With respect to the application to declare this a proper class action, it is clear that the two petitioners, Cruz and Lesane are not entitled to such treatment. Petitioner, Cruz, from a reading of all of the papers submitted to the court on this application, evidently arrived in Westchester County on or about September 1, 1973 from Puerto Rico with one infant child. At the time she was six-months pregnant with a second child and went to live' with her parents at 135 South Lexington Avenue, White Plains, New York. Petitioner applied to the Westchester County Department of Social Services for welfare assistance and she was accepted. She got her own apartment with the approval of the Social Services Department and received the necessary funds for the rent and notified the Social Services Department that she would need furniture in connection with the occupancy of the apartment which was to begin January 1, 1974. This petitioner claimed that she was told she would get money for herself and her infant, Jose, but not for the new baby. She was allowed $733 for furniture and wias given a suggested break-down as to how that money should be spent, and refused the county’s offer to help in having a home economist assist in the purchase of the furniture. Petitioner claims that she did get some furniture but none for the children. According to the respondent’s papers, records and oral argument, there was never a request made for an increase over the amount of $733 which was granted to petitioner and therefore, according to respondent, there was no necessity for any written denial or hearing, since petitioner was given a grant which was not protested.
As to the petitioner Lesane, it appears that on April 15, 1972 the county paid the sum of $85 to move furniture for her from one address to another within the City of Mount Vernon. She thereafter moved from Mount Vernon in May, 1973 to North Carolina taking some furniture with her but leaving some of it in her abandoned apartment, as evidenced by a letter from the Mount Vernon Housing Authority which was submitted to the court by the respondent in opposition to this application. She thereafter moved back to Mount Vernon from North Carolina with some furniture including a bedroom set', applied for and *231 received aid for dependent children in the amount of $179 per month plus rent. Petitioner contends that she requested a furniture allowance and was refused, and that Legal Aid then wrote to the County Social Services Department asking for an investigation and that no determination of eligibility for a special grant was ever made in the case of Lesane or Cruz.
According to the respondent, in September, 1973 petitioner Lesane applied for aid for dependent children and it was granted and she received the maximum allowance for three people. At the time she was living with her mother and sister. In December, 1973 again according to the respondent, petitioner demanded money for her own apartment which was granted. She thereafter demanded money to pay the broker’s fee and this was granted. On December 19, 1973 she asked for money for furniture and her request was denied because she had left furniture both in Mount Vernon and North Carolina each time that she moved. Ten days thereafter, the plaintiff moved her furniture and the County of Westchester paid the mover’s bill in the amount of $125 for furniture which petitioner valued at $1,000,
It is evident from the foregoing that the two cases are not similar to each other, much less to any group of people similarly situated. Accordingly, the court is of the opinion that this is not a proper class action and the court will consider the other contentions of the petitioners on an individual basis.
Oh the facts as they have been made available to this court, it would appear that respondent’s determination in each of these cases on the facts presented was not arbitrary or capricious or without foundation. If anything, it appears that respondent has afforded each petitioner their full measure of assistance; under the provisions of section 131-a (subd. 6, par. [b]) of the Social Services Law and the State Department of Social Services Regulations in furtherance thereof. It appears that upon each application for assistance made by petitioners, the respondent provided the necessary funds for the 1 ‘ purchase of necessary and essential furniture required for the establishment of a home for persons in need of public assistance,” and in any event where respondent did not so purchase or provide funds for the purchase of such essentials, it made other “ provision therefor ” by paying the mover’s bill for moving the furniture. (Social Services Law, § 131-a, subd. 6.)
It appears that in this case, after the Social Services Department made its determinations, the petitioners immediately went to Legal Aid counsel which brought this proceeding. As a practical matter, the court is of the opinion that petitioners would *232 have been well-advised to reapply to the Social Services Department for emergency assistance under section 350-j of the Social Services Law before bringing this application.
On the record in this case, the court will not annul the respondent’s determinations with respect to eligibility of Cruz and Lesane for furniture grants and the court is of the opinion that the request to have the court declare respondent under a duty to evaluate and investigate applications for furniture and the need therefor is not necessary in view of the history of this case and the fulfillment of those obligations as set forth in the papers before this court by the respondent. Similarly, these applications being treated on their own facts and not as any class action for the reasons set forth above, there is no reason for this court to declare that when respondent rejects an application he must notify the petitioner in writing as to the reason for the rejection and further advise the petitioner or applicant of the right to a hearing, since on the facts herein, the court finds that the petitioners were not rejected when they applied for aid.
In view, however, of the petitioners ’ request for relief in the nature of emergency assistance, the court will direct that the respondent review the petitioners’ cases and make whatever investigation he deems necessary to determine whether or not these petitioners should be entitled to any additional funds in the nature of emergency assistance because of alleged destitution.
Eligibility to receive assistance under section 350-j of the Social Services Law is only conditioned by an emergency to avoid destitution. (Matter of Thomas v. Sipprell, 69 Misc 2d 87.)
Petitioners ’ application to proceed as poor persons is granted. In all other respects the application for the various forms of relief set forth herein are denied in foto except to the extent that the court has directed the Social Services Department to investigate petitioners ’ eligibility for emergency assistance as set forth herein.