Timothy J. Sullivah, J.
This is an application brought on by way of an order to show cause, for a judgment pursuant to article 78 of the CPLR, annulling the determination of the respondent, the Acting Commissioner of the Westchester County Department of Social Services which denied petitioner’s request for emergency assistance.
The petitioner herein alleges that she is employed by the State of New York at a net salary of $137.63 per week; that *327 on September 13, 1974 she filed an application for public assistance under the aid to families with dependent children program, and that the application was denied on the grounds that “ petitioner was over income.” Petitioner further alleges that on September 18, 1974 she applied for emergency assistance on the grounds that she was destitute and that this application was also denied on the same grounds. Petitioner alleges further that on the date of her application for emergency assistance and on the date of this application that she is destitute and has no resources available for necessities for herself, and her child.
In answer to the petition, the respondent sets forth among other things, that on the date petitioner applied for emergency assistance, her biweekly salary check in the amount of $275 was available to her. In a reply to the respondent’s answer, petitioner alleges that the entire, amount of that paycheck “ had been already expended on outstanding bills.” In the petitioner’s memorandum of law, it is alleged further that the petitioner’s child had been ill during the past month “ necessitating large expenditures for medical bills.” While this allegation is set forth in the statement of facts included with the memorandum, no such allegation is contained in the verified petition. It is undisputed that the petitioner is employed by the State of New York, yet no reference is contained in the papers before the court as to the hospitalization and medical coverage available to State employees for the kind of medical expenses referred to in the petitioner’s aforesaid statement of fact. Furthermore, while the petition sets forth the need to buy food and clothing for the petitioner’s child, there is no reference anywhere in the papers before the court to the status of the infant’s father and whether or not he is providing support for the child as required by section 32 of the Domestic Relations Law.
The basic issue upon this application is whether or not section 350-j of the Social Services Law which provides for emergency assistance under certain circumstances to needy families with children applies to one who is employed and whether, although, earning a .sufficient salary to support his or her family, such person can supplement the income received from employment by liquidating outstanding debts resulting in a temporary shortage of cash. To grant such application in this instance, would, in the court’s opinion, be equivalent to this court awarding the petitioner a bonus for mismanaging funds already received from the public treasury as salary. This the court will not do. However, inasmuch as section 350-j of the Social Services Law provides that the only condition for eligibility to receive *328 assistance on an emergency basis is to avoid destitution (Matter of Cruz v. Berman, 78 Misc 2d 228, 232), and since petitioner has apparently neither sought nor had a departmental hearing, the court will direct the respondent to review petitioner’s case and to conduct a hearing as expeditiously as possible to determine whether or not petitioner should be entitled to emergency assistance because of alleged destitution.
In all other respects, the application is denied and the petition is dismissed.