Frederick B. Bryant, J.
In this proceeding pursuant to CPLR article 78, the petitioner, a resident of Chemung County, seeks an order requiring the County Commissioner of Social Services to pay her overdue utilities bill by an emergency grant pursuant to section 350-j of the Social Services Law. Emergency assistance was denied on the grounds that the petitioner’s family was ineligible for Aid to Dependent Children. Additional grounds now urged by the respondents are (1) the need is not a true emergency; (2) the husband refused to accept employment without good cause; (3) the petitioner did not exhaust her administrative remedies in that she did not apply for a fair hearing.
It appears that the petitioner first applied for public assistance on March 18, 1975 and was found to be ineligible because of her husband’s net earnings. She applied again on May 15, 1975 and was again rejected for the same reason. In the meantime utility bills for January through May, 1975, were *425 piling up. These average about $65 per month. On May 2, 1975 the electric service was cut off and the gas service was discontinued on May 21, 1975.
The petitioner claims to be entitled to the emergency aid requested and argues that she is not required to first demand and secure a fair hearing. The respondents’ basis for contending that petitioner’s husband failed to accept employment is based on the fact that for the period from January to May, 1975 he failed to work full time on most days although full time employment was available. The petitioner argues that her husband was unable to put in a full day every day because of a past injury and because of present illness, either his own or his family’s.
Emergency assistance to needy families with children is to be provided when such assistance is necessary to avoid destitution and when such destitution did not arise because the child or custodial relative did not refuse without good cause to accept employment or training. (Social Services Law, § 350-j.) This latter provision is found also in the comparable Federal statute. (US Code, tit 42, § 606, subd [e], par [1].) Aside from that provision the sole criterion for eligibility for emergency assistance is destitution. (See Matter of Battle v Nyden, 79 Misc 2d 326; Matter of Cruz v Berman, 78 Misc 2d 228.) It appears, therefore, that the respondent Liddle erred in refusing emergency assistance on the ground that the amount of the husband’s earnings rendered the family ineligible to receive Aid to Dependent Children.
It also seems that the respondent has taken somewhat inconsistent positions. On the one hand he says that the husband’s income was such as to make the family ineligible. On the other hand he says the husband’s income could have been more had he worked more hours, charging him as a result with refusing to accept employment so as to make the family ineligible for aid.
The respondent argues that the petitioner’s overdue utility bills were not a true emergency in that they are an accumulation of bills over a five-month period. The respondent suggests that this accumulation is similar to a request for emergency assistance to replace worn-out furniture. By a three to two vote, with a strong dissenting opinion by Justice Greenblott, the Appellate Division, Third Department, held that section 350-j of the Social Services Law was enacted to apply to sudden and unexplained emergencies and not to remedy the *426 anticipated demands created as a result of everyday life. (Matter of Baumes v Lavine, 44 AD2d 336.)
Obviously, if a family?s shiftless habits or indifference to reasonable budgeting should be the cause of an inability to pay a utility bill it would be unfair to the taxpayers for Social Services to pay the bill while letting the better manager scrimp and save to meet his obligations. Almost everyone would be tempted to spend his money on nonessentials if he could count on a willing "uncle” to take over payment of such necessaries as utility bills, rent and the like. The evidence before the court at this time is totally insufficient for the court to evaluate the petition and related papers properly. It seems to the court that the required evidence can be adduced best by a fair hearing. Whether or not a fair hearing is required in the ordinary case of a request for emergency assistance need not be decided here. At a fair hearing the petitioner should be able to show her financial needs during the time in question, the actual net earnings of her husband and the reason why they were not greater if that be pertinent, and her efforts to keep payments current, including utility bills. The respondent Liddle should bear in mind that the Wagner family’s eligibility for Aid to Dependent Children is not the issue when a request for emergency assistance is being considered. The issue is whether the family was in fact destitute as claimed. In Matter of Battle v Nyden, 79 Misc 2d 326 (supra), in a case where the petitioner had a considerably greater income than the family here, the court returned the matter to the local Social Services Commissioner for a hearing. This court will do the same. The court will direct the respondent Liddle to review the petitioner’s case and to conduct a hearing as expeditiously as possible to determine whether or not the petitioner should be entitled to emergency assistance because of alleged destitution.
In all other respects the application is denied and the petition is dismissed.