David T. Gibbons, J.
In this proceeding, pursuant to CPLR article 78, to review the determination of the respondent, Commissioner of the Nassau County Department of Social Services, denying petitioner’s application to provide emergency assistance under section 350-j of the Social Services Law; 18 NYCRR 372.4; and section 406 (subd [e], par [1] of the Social Security Act (US Code, tit 42, § 606, subd [e], par[l]) and section 233.120 of title 45 of the Code of Federal Regulations, the application is granted to the extent that judgment is granted to the petitioner, remanding this matter to the respondent who is hereby directed to reconsider petitioner’s application and, in making his determination, to apply the principle of law that a family’s ineligibility to receive aid to dependent children is not, in and of itself, a basis for refusal of emergency assistance under section 350-j of the Social Services Law.
The petitioner claims that at the time when she and her minor children were evicted from a seven-room dwelling in Uniondale, N.Y. in April, 1976, she and her said children were recipients of public assistance from the Nassau County Department of Social Services, and that when she was then unable to obtain other housing facilities, she, with respondent’s approval, arranged to have her furniture, household effects and.family clothing stored in the warehouse of Reeder’s Moving and Storage, Inc.
Thereafter, in July of 1976, the petitioner secured employment as a nurse’s aid with a weekly salary of about $139 and, at this point, she was notified by respondent that her public assistance grant would be terminated, and that the Department of Social Services would no longer pay the storage charges.
Petitioner also claims that, in September of 1976, she and her minor children moved into a five-room unfurnished apartment, and that she has since been unable to pay the storage bill which has reached the sum of $1,003.50 as of December 9, 1976.
Petitioner first applied to respondent for assistance to obtain her family possessions from storage, claiming that she *76 and her children were sleeping on two mattresses lying on the floor and that her only furniture in the apartment was a borrowed table and two chairs.
Respondent claimed that it was required to defray storage charges for a period of only 60 days.
A fair hearing was conducted, and before it was determined, the petitioner in November, 1976, requested emergency assistance to relieve the destitution occasioned by her family’s lack of furniture, household effects and clothing. She requested either a return of her furniture, clothing and household effects or the purchase of replacement items.
Subdivision 3 of section 350-j of the Social Services Law provides, inter alla, for emergency assistance "to needy families with children * * * to avoid destitution or to provde them with living arrangements in a home”.
A family’s ineligibility to receive aid to dependent children is not a bar to emergency assistance within the meaning and purpose of section 350-j of the Social Services Law. (Matter of Wagner v Liddle, 83 Misc 2d 424; Matter of Davis v Lavine, 76 Misc 2d 984; Nicholson v Schreck, 75 Misc 2d 676; Koffler v Sugarman, 69 Misc 2d 141.)
Accordingly, the matter is remanded to the respondent to determine whether an emergency existed, and, if so, the kind and the extent of the assistance to be furnished under the circumstances.