First Department, February, 1979,

(February 1, 1979)

In the Matter of MARY BROMELL, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Determination of respondent Commissioner of New York State Department of Social Services, dated February 15, 1978, denying petitioner's request for a storage charge allowance, unanimously confirmed,

without costs or disbursements, and without prejudice to an application by petitioner for a grant of emergency assistance. Petitioner was forced to vacate her apartment as the result of a fire in adjoining premises. She placed her furniture in storage. At the administrative fair hearing on the agency's denial of her request for a grant to pay storage charges, petitioner proceeded on the basis of an entitlement to a grant to recover all the furniture in storage, instead of itemizing the furniture essential to her needs. She would have been entitled to such a grant, but because the agency itself delayed in making a determination on her request, it had become more economical, due to the increased storage charges caused by the delay, to authorize a grant for the purchase of new furniture. Petitioner had exhausted the allotment before she was able to replace all the furniture which she had stored. But because she failed to demonstrate special need as to any of the stored items of furniture or household goods, she could not satisfy the requirements for an additional grant to remove her furniture from storage. (18 NYCRR 352.6 [f].) Thus, the result reached at the fair hearing was the correct one although many of the findings of fact reached by respondent were hardly consistent with the uncontroverted testimony and would not otherwise support the determination. However, inasmuch as petitioner and her 14-year-old daughter must now sleep in the same bed, and the child may be lacking other essential furniture and household goods, petitioner should be permitted to apply for emergency assistance under section 350-j of the Social Services Law and 18 NYCRR Part 372, to obtain appropriate "living arrangements" for her child. Concur—Murphy, P. J., Lupiano, Fein, Sandler and Sullivan, JJ.