■ In the Matter of CHARLES GERALD, Appellant, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated January 13, 1981 and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's request for payment of certain storage charges, the appeal is from a judgment of the Supreme Court, Westchester County (Gurahian, J.), dated September 30, 1981, which, in effect, dismissed the petition. Judgment reversed, on the law, without costs or disbursements, petition granted, and respondents are directed to authorize the payment of all accrued storage charges involving the petitioner's furnishings. The petitioner is a recipient of home relief. In early May, 1980 he was evicted from his apartment. On May 14, 1980, certain of his possessions were placed in storage. At the beginning of July, 1980 he moved to a new apartment. At that time, the local agency authorized the payment of moving expenses, plus one month's storage. However, the moving company refused to release petitioner's belongings unless it first received full payment of the storage costs, which were, by

then, for a period in excess of 30 days. Petitioner testified that his "service worker" at the agency avoided him in his attempts to get his furniture out of storage. He tried several times to contact her, but for various reasons she was unavailable, and he was unable to get in touch with her. Petitioner's testimony was not contradicted, as the agency did not present any witnesses. In a letter dated August 29, 1980, the agency informed petitioner of its determination not to pay the storage costs for any period in excess of 60 days. Petitioner appealed that determination of the local agency to the respondent State commissioner, who, after a hearing, ruled that the agency had acted properly in refusing to authorize payment for storage fees covering a period in excess of 60 days because such payments were limited to 60 days by the regulations of the State Department of Social Services (18 NYCRR 352.6 [f]). Special Term confirmed the State commissioner's determination, holding that it was neither arbitrary nor capricious. We disagree. In view of the uncontradicted testimony by the petitioner at the hearing that the delay was caused by the local agency, the application of the 60-day limitation for payment of storage charges imposed by the regulations, was arbitrary and capricious, and should not be controlling (see *Matter of Green* [*Smith*], NYLJ, Dec. 2, 1977, p 14, col 6; *Koffler v Sugarman,* 69 Misc 2d 141; see, also, *Matter of Bromell v Blum,* 67 AD2d 840). Weinstein, J. P., Gulotta, Niehoff and Rubin, JJ., concur.