Jacob Markowitz, J.
Petitioner in the article 78 proceeding to compel respondent to place her on the eligibility rolls for public assistance, is a 20-year-old individual who has not resided with her mother for six years. She had at one time been residing with her sister and sister’s children, but is residing alone since her sister’s death. Her mother is caring for the deceased sister’s children and is receiving public assistance therefor. Her mother receives no assistance for herself since she holds full-time employment.
Petitioner is a high school “drop-out” who is currently a student at ‘ ‘ Wingate Prep ’ ’, a special venture to rehabilitate “ drop-outs ” sponsored jointly by the Board of Education and the Urban Coalition. She is a full-time student — and in addition takes four additional hours of music courses for which she receives additional credit. It is anticipated that she will get her high school diploma in January of next year, provided she attends summer sessions, and she claims she will then be eligible for college work.
Her application for public assistance has been rejected. She appears to have no resources and is currently being evicted by her landlord.
*714 In addition to opposing the petition on the merits, respondent has cross-moved for dismissal on the ground that administrative remedies have not been exhausted. Under State regulations, persons denied welfare assistance are entitled to a “fair hearing” and procedures have been set up therefor (18 NYCRR 84,3). The doctrine of exhaustion of remedies, however, has its place in those situations where no emergency is involved. But, to tell a person confronting the requirements of survival that she must first go through other procedures would be not only impractical but inhumane. For this reason, the cross motion is denied and the petition considered on its merits.
Basically, respondent’s refusal to extend assistance to petitioner is based on the ground that she is an employable person who has refused to seek employment (Social Services Law, § 131, subd. 4). (It is conceded that if petitioner were not emancipated and living with her mother, she might be permitted to receive public assistance to continue her schooling if her mother were otherwise eligible to receive aid for a dependent child.) Part 385 of the regulations, which bears the heading “Restoring Employables to Self-Support ”, defines an employable person as one “ 16 years of age or over * * * ■ unless such person is * * * a minor attending school full time ’ ’. In a “ Decision After Fair Hearing ” in a case entitled “ In the Matter óf the Appeal of Marguerita Coke ’ ’, the Commissioner of Social Services held that this definition 1‘ does not encompass a minor who has become emancipated ’ ’. Respondent apparently rejected the instant application on the authority of this determination.
It is the opinion of the court .that the limitation placed on the definition “ employable person ” has no basis in law or reason, especially since “emancipated minors” may receive public assistance “in his own right if he is otherwise eligible” (18 NYCRR 82.10).
There appears in this case a pattern of inconsistency which appears insoluble. On the one hand, we encourage our youth not to withdraw from society, but rather to finish their education to the limit of their potentials so as to become useful and productive members of the community. On the other, we have public outcry against those who can work but who prefer to ‘1 cop out ’ ’ and live on the dole.
In the matter at bar, there is a choice between condemning a young person to menial labors or permitting her to ultimately make a productive contribution to society. Petitioner does not appear to be a “ free loader ’ ’ against whom the law was designed *715 to protect, but, rather, that type of individual the law was designed to benefit.
Respondent’s argument that petitioner should first proceed in a Family Court action to compel her mother, who has refused to help her out, to support her, is specious. It would be a futile gesture since she has been away from home for six years and her mother requires public aid for the rearing of her grandchildren.
Petition is granted and the matter remanded to respondent to take appropriate action not inconsistent with this decision.