Marshall E. Livingston, J.
This is a declaratory judgment action in which plaintiff seeks a partial summary judgment.
Plaintiff is the sole proprietor of Seneca Nursing Home (Seneca), a nursing home and health-related facility located in Waterloo, New York. It began operations in October, 1973 and is engaged in rendering nursing home care and related health facilities to patients eligible to receive financial assistance pursuant to the Federal Social Security Act and the New York State Plan for Medical Assistance.
Pursuant to Medicaid (Social Services Law, §§ 363-369), Seneca is reimbursed for services rendered to eligible patients on the basis of a daily rate per patient established on a periodic basis by the New York State Department of Health and approved by the Director of the Budget of the State, pursuant to section 2807 of the New York State Public Health Law.
These reimbursement rates are prospective in nature and are directly related to the nursing home’s reasonable operating costs for a period of two years prior to a rate change, adjusted by a factor that takes inflation into consideration. However, in the case of a new home such as Seneca which had no previous history upon which to base a rate, 10 NYCRR 86.19 provides a method for fixing rates for medical facilities without adequate cost experience. The section provides that the rate shall be based generally on customary rates in the geographic area, cost projections, allowable actual expenditures and anticipated utilization of not less than the average in the area.
On November 1, 1974, after about a year’s experience, the State Health Department advised Seneca that its Medicaid reimbursement rates from January 1, 1975 through December 31, 1975 were established at $33.26 per patient per day for nursing home services and $24.48 per patient per day for heuxth-related services. Then on October 30, 1975 Seneca was advised by the Department of Health that the rates it received during 1975, to wit, $33.26 and $24.48, would remain in effect *310 from January 1, 1976. Exhibit 2 (letter of October 25, 1975), attached to the complaint, reads in part as follows:
"The rates set forth above were developed on an interim basis. New legislation concerning 1976 reimbursement, and still unresolved aspects of Part 86 of the Commissioner’s rules have made it impossible to promulgate final health facility rates at this time. Final rates reflecting either upward or downward revisions will be promulgated as soon as possible”. (Emphasis supplied.)
Seneca has been reimbursed for services rendered to Medicaid patients from January 1, 1975 through June 30, 1976 at the afore-mentioned rates established January 1, 1975.
We now arrive at the point where this motion for partial summary judgment is involved.
By letter dated June 25, 1976 from the Department of Health, Seneca was notified its Medicaid reimbursement rates were being reduced effective July 1, 1976 through December 31, 1976. The daily Medicaid reimbursement for nursing home patients was reduced from $33.26 to $22.19, a reduction of $11.07. The daily rate per patient for health-related facility service was reduced from $24.48 to $20.97, a reduction of $3.51. The $11.07 reduction for the nursing home daily rate includes $7.35 per day and the $3.51 reduction for the health-related facility service daily rate includes $2.45 per day, which are being deducted as retroactive charges to adjust the amounts previously paid Seneca for services rendered from July 1, 1975 through June 30, 1976, which the Department of Health claims were overpayments to Seneca.
Plaintiff asked partial summary judgment declaring:
(1) that the retroactive adjustments included in the July 1, 1976 through December 31, 1976 rates are invalid;
(2) that the rates promulgated by the New York State Department of Health on or about June 25, 1976 are invalid and void insofar as they purport to become effective on July 1, 1976; and
(3) that no downward adjustment to Seneca’s reimbursement rates can be effective prior to September 1, 1976.
Defendants, among other things, in their answer assert two affirmative defenses which go to the heart of the controversy here.
Paragraph eleventh of the answer states: "Defendants *311 Whalen, Goldmark and Toia allege that plaintiff has not exhausted its [sic]administrative remedy.”
Paragraph twelfth of the answer states: "That Public Health Law, Section 2807(4) as added by Chapter 76 of the Laws of 1976 does not apply to the issuance of the rate received by the plaintiff for the period July 1, 1976 through December 31, 1976.”
Subdivision 4 of section 2807 of the Public Health Law, as added by section 13 of chapter 76 of the Laws of 1976, effective March 30, 1976, provides: "The commissioner shall notify each hospital and health-related service of its approved rate at least sixty days prior to the beginning of an established rate period for which the rate is to become effective.”
As to the asserted inapplicability of subdivision 4 of section 2807 of the Public Health Law to this situation, I do not agree with defendants. In passing, I note that defendants, although objecting to the application of subdivision 4 of section 2807 to this case, nevertheless, complied with the predecessor section by giving 60 days’ prior notice by its letters of November 1, 1974 and October 30, 1975.
Defendants argue in their brief that subdivision 4 of section 2807 grants 60 days’ notice "prior to implementation of rates for an established rate period”. They then assert, "This provision is inapplicable to plaintiff’s situation. Here the rate was adjusted to reflect the fact that the facility had developed an adequate cost hostory [sic] and must now be reimbursed at a rate predicated upon actual cost rather than group average”. Defendants cite no legal support for this interpretation, except the bald assertion quoted.
We start in this case with a rate certified pursuant to 10 NYCRR 86.19, established for the rate period of "January 1, 1975 through December 31, 1975”.
Then on October 30, 1975 the plaintiff is notified in substance that the 1975 rates will be continued into 1976 on an interim basis and that "final rates reflecting either upward or downward revisions will be promulgated as soon as possible”.
Thus it seems clear to me that the rates were fixed, certified, approved and determined by the State Department of Health for two established periods from January 1, 1975 through December 31, 1975 and January 1, 1976 until a final rate was promulgated as it presumably was by the letter of June 25, 1976 and effective July 1, 1976.
*312 Therefore, I hold that whether or not the schedule of July 1, 1976 is valid, it designates an established rate period as required by subdivision 4 of section 2807, and whatever portion of it is valid cannot be effective until September 1, 1976, thus granting the 60 days’ notice provided in the subdivision.
Paragraph eleventh of the answer asserts a failure to exhaust administrative remedies. With this principle in general I agree, but it is not applicable here. In his letter of July 9, 1976, after receiving defendants’ retroactive reduction letter of June 25, 1976, plaintiff, in effect, asked for a hearing or an appeal of the rates. This is conceded by defendants’ answer and in their brief. The defendants’ claim is that the review procedure has not yet been completed. Whether or not the review is to be by the Rate Review Board, I am unable to determine. The fact is that the rates became effective July 1, 1976, which substantially reduced plaintiff’s reimbursement by reason of retroactive adjustments which were forbidden by 10 NYCRR 86.16.
Weeks went by, and on September 1, 1976 plaintiff brought this action and filed the present motion. On the papers before me, I deem the plaintiff’s letter of July 9, 1976 a proper vehicle to set in motion a review by the Rate Board. The letter specifically detailed plaintiff’s objections to the rate fixed in defendants’ letter of June 25, 1976, which was to be effective July 1, 1976. Because the defendants or the Rate Board did not process plaintiff’s appeal in his letter objecting to the rate, or advise the plaintiff of their intention to promptly do so, I hold that the plaintiff has shown he will suffer irreparable injury in his nursing home operation by reason of the substantial rate reduction, including retroactive adjustments. Plaintiff alleges he may have to close his doors.
Counsel for defendants stated on the argument of the motion that there is no provision for a hearing in a situation where retroactive adjustments are involved. Nevertheless, in this case due process requirements of an appropriate hearing are involved in retroactive adjustments (which are forbidden by 10 NYCRR 86.16 cf. Matter of Birnbaum v Whalen, 85 Misc 2d 512; Matter of White Plains Nursing Home v Whalen, 53 AD2d 926; Bradley v Whalen, Sup Ct, Albany County, June 25, 1976, Williams, J.). The services have been rendered at a fixed rate, and the reimbursement paid by the State. Due process may not be involved in prospective reductions based on audits by the department of the figures furnished by a *313 nursing home concerning operating expenses and relevant data. Thus the argument that plaintiff did not exhaust his administrative remedies is inapplicable here. It seems to me that the substantial invalid reduction of payments for retroactive services is akin to an "emergency” situation (cf. Matter of Edge v Sugarman, 66 Misc 2d 713, 714).
Turning now to plaintiff’s motion for partial summary judgment, I hold:
(1) That the retroactive adjustments included in the July 1, 1976 through December 31, 1976 period are invalid. This is made necessary by reason of 10 NYCRR 86.16 previously discussed;
(2) The rates promulgated by the New York State Department of Health on June 25, 1976, effective July 1, 1976 are void. Subdivision 4 of section 2807 of the Public Health Law requires 60 days’ notice prior to the beginning of an established rate period for which the rate is to become effective; and
(3) That there can be no reduction of Seneca Nursing Home’s reimbursement rate effective prior to September 1, 1976.
Submit order granting plaintiff partial summary judgment, approved as to form, or settle on notice.